In re SPRING VALLEY FARMS, INC.; Spring Valley Foods, Inc., Debtors.

SPRING VALLEY FARMS, INC., and Spring Valley Foods, Inc., Appellants,

v.

Bessie Keeling CROW, an individual; Vann B. Keeling, non compos mentis who sues through his legal guardian, Bessie Crow; and Charles Wayne Crow, an individual, Appellees.

Civ. A. No. 87–G–0211–E.

United States District Court, N.D. Alabama, E.D.

Jan. 28, 1988.

James S. Sledge, Inzer, Suttle, Swann & Stivender, Gadsden, Ala., for appellants.

George White, Gadsden, Ala., R. Ben Hogan III, Hogan, Smith, Alspaugh, Samples & Pratt, P.C., Birmingham, Ala., for appellees.

## MEMORANDUM OPINION

GUIN, District Judge.

This cause is before the court on appeal by defendants from two decisions of the United States Bankruptcy Court for the Northern District of Alabama.[1] The appeal is taken pursuant to 28 U.S.C. § 158(a) and Rule 8001 of the Bankruptcy Rules. The defendants appeal from the bankruptcy court's order of May 8, 1986, granting plaintiffs leave to amend and to add a new party defendant. They further appeal from that court's December 31, 1986, order denying defendants' motion for summary judgment and granting plaintiffs' motion for summary judgment. 68 B.R. 756. In granting plaintiffs' summary judgment motion, the court held that plaintiffs could pursue any claims they may have against defendants "which arose prior to the confirmation of the defendants' [bankruptcy discharge] plan and of which the defendants had knowledge at the time of the filing of its petition...." Order of Bankruptcy Court for the N. Dist. of Ala. entered 12/31/86 in Case # 82–02023. The court further ordered that any judgments obtained in these causes were not discharged, and that such adversary proceedings were properly to be remanded to the Circuit Court of Etowah County, Alabama.

The statement of facts by the bankruptcy court in its December 31, 1986, opinion is accepted by this court as correct and is hereby incorporated by reference.[2] A copy of that opinion is appended to this opinion for the convenience of counsel.

Even with this adoption, some facts are of particular note and bear mention here. The plaintiffs were falsely informed as to which corporation was operating the processing plant. The plaintiffs, therefore, failed to sue the proper corporation. This failure was directly attributable to misrepresentations in replies to interrogatories and requests for admissions by corporate

1. In an order and memorandum opinion dated April 8, 1987, this court held this appeal to be properly before this court.

2. Both appellants and appellees agree that Judge Watson's rendition of the facts is correct. Appellants, however, cite two statements in that opinion as erroneous. On page five of the opinion, it states that plaintiffs filed the first removal from state court. Both parties agree and the record establishes that defendants filed both removals from state court. Also on page five, the opinion states that only one plaintiff, Bessie Keeling Crow, was listed on the schedules. Appellants refute this statement and appellees absolutely agree with it. In light of this court's ultimate finding that none of the plaintiffs received adequate notice, this point is not determinative of any critical issue and need not be addressed independently.

representatives of Spring Valley Farms. Both Spring Valley Foods and Spring Valley Farms are wholly owned subsidiaries of the same parent corporation.[3] The plaintiffs clearly attempted to sue whichever corporation was operating the plant. They were actively misled by representatives of Spring Valley Farms. Spring Valley Farms answered plaintiffs' interrogatories and requests for admissions as if it were the proper defendant. The plaintiffs did not rest on their rights and cannot be barred by the equitable doctrine of laches in regard to any aspect of this case. The bankruptcy court's order allowing plaintiffs to add Spring Valley Foods, Inc., as a party defendant six years after the complaint was filed was entirely proper and is due to be affirmed. Wright & Miller, *Federal Practice and Procedure: Civil* § 1500.

The issue remaining for consideration is whether the bankruptcy court ruled correctly in disallowing the discharge of plaintiffs' claims arising prior to the approval of the bankruptcy plan. More specifically, the question is whether the plaintiffs were afforded due process in relation to these claims against defendants. Were the plaintiffs given sufficient notice to apprise them of the pendency of the bankruptcy action and afford them an opportunity to present their objections? *Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

The court agrees with the reasoning and affirms the holdings of the bankruptcy court on this issue. This court, however, does not find this question to be as close as that court did. This court finds there to have been a clear breach of plaintiffs' due process rights.

Regardless of whether all plaintiffs or just plaintiff Bessie Keeling Crow were notified of the filing of defendants' bankruptcy petition, the record undisputedly shows that none of the other required notices were given to the plaintiffs. The plaintiffs did not receive notice of the time

and manner in which to file claims, notice of the setting of the confirmation hearing, or notice of the bar date. The clerk of the bankruptcy court is specifically required to give not less than 20 days notice by mail of the time fixed for filing proofs of claim pursuant to bankruptcy rule 3003(c). Bankruptcy Rule 2002(a)(8). The responsibility does not lie with the creditors or claimants to search out what is required procedurally of them in this situation. The law provides them with a right to appropriate, effective notice. Bankruptcy Rule 2002(a)(8); *Reliable Electric Co., Inc. v. Olson Construction Co.,* 726 F.2d 620 (10th Cir.1984); 5 Collier on Bankruptcy ¶ 1141.01(4)(b) (15th ed.). Actual knowledge of the filing of a bankruptcy petition does not negate the statutory notice requirements nor does it place a duty on creditors to inquire regarding time limitations for filing claims. *New York City v. New York, New Haven & Hartford Railroad Co.,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953).

The appellants make a final argument that appellees' claims are time barred because Spring Valley Foods was not added as a party defendant to plaintiffs' complaint until after the confirmation order in the bankruptcy case and, therefore, had no obligation to list plaintiffs' claims in its schedules. The opinion of the bankruptcy court is again correct. Under the circumstances of this case—the facts surrounding the operation and management of the plant, the relationship of the two corporations, and the active misrepresentations by Spring Valley Farms—actual knowledge on the part of Spring Valley Foods at the time of the bankruptcy case may be assumed. The appellants' argument is without merit. Plaintiffs were entitled to notice. *Broomall Industries, Inc. v. Data Design Logic Systems, Inc.,* 786 F.2d 401 (Fed.Cir.1986); 5 Collier on Bankruptcy ¶ 1141.01(4)(b), n. 40 (15th ed.).

Having carefully considered the record, all submissions of counsel, and the applica-

---

**3.** The parent corporation was Lane Processing, Inc., until May 8, 1986, when it sold all of its stock to Tyson Foods, Inc., becoming a wholly-owned subsidiary of Tyson.

ble law, the court finds the decisions in this case of May 8, 1986, and December 31, 1986, of the bankruptcy court are due to be affirmed. A separate order in conformity with this opinion will be entered contemporaneously herewith.

## APPENDIX

In re SPRING VALLEY FARMS, INC., Debtor.

BESSIE KEELING CROW, Et Al., Plaintiffs,

v.

SPRING VALLEY FARMS, INC. and SPRING VALLEY FOODS, INC., Defendants.

Bankruptcy Court for the Northern District of Alabama

Case No. 82–02023

AP No. 85–0623

## MEMORANDUM OPINION

The above-styled adversary proceeding is before the Court on cross-motions for summary judgment. Before addressing the matter presently at issue, a brief statement of the history of the proceeding is in order.

During the pendency of this proceeding and prior thereto the defendants, Spring Valley Farms, Inc., and Spring Valley Foods, Inc., have been involved in the operation of a chicken-processing plant located in Etowah County, Alabama. The exact degree of the involvement of each defendant in the operation of the plant at any particular time relevant hereto is not clear to the Court, but the answer to that question is not necessary for a determination of the issue at hand.

On July 7, 1980, three individuals who owned property or resided near the chicken-processing plant filed a complaint against Spring Valley Farms, Inc., in the Circuit Court of Etowah County, Alabama, alleging trespass and common law nuisance in connection with the operation of the plant. By August, 1981, the complaint had been amended twice so as to include a total of 22 plaintiffs. At the time of the filing of the complaint against Spring Valley Farms, Inc., some persons were serving both of the defendants simultaneously as officers and employees. Likewise, at that time the same person was listed with the Office of the Secretary of State of Alabama as being the registered agent for each of the defendants. Service of process in the state court action was effectuated upon Spring Valley Farms, Inc., by the delivery of the summons and complaint to an employee of Spring Valley Foods, Inc.

On November 7, 1982, a number of closely affiliated corporations, including Spring Valley Foods and Spring Valley Farms, filed petitions for reorganization under the provisions of title 11, chapter 11, United States Code. The bankruptcy cases, which were commenced in the United States Bankruptcy Court for the Middle Division of North Carolina, were apparently consolidated.

In the schedule of creditors filed with its chapter 11 petition, Spring Valley Farms listed Bessie Keeling Crow, one of the plaintiffs in the pending state court action, as the holder of an unsecured claim. The claim was scheduled as unliquidated and disputed by the debtor. Bessie Keeling Crow is the only plaintiff in the present adversary proceeding who was scheduled as a creditor in the petition filed by Spring Valley Farms. Spring Valley Foods did not list any of the plaintiffs in the schedule of creditors that it filed in connection with its bankruptcy petition.

For reasons which are not entirely clear to this Court, neither Bessie Keeling Crow nor her attorney received notice from the clerk of the bankruptcy court of the bankruptcy case filed by Spring Valley Farms. She received no notice of the time fixed by the Court for the filing of proofs of claim nor of any hearings scheduled in the case. The attorney representing Bessie Keeling Crow and the other plaintiffs in the state court action received a copy of a "notice of bankruptcy" which stated that a chapter 11 petition had been filed by Spring Valley Farms. The notice of bankruptcy was mailed by the attorney for Spring Valley Farms to Bessie Keeling Crow at her attor-

ney's address approximately six weeks after the filing of the chapter 11 petition. The notice also contained the name of the court in which the petition was filed and the docket number which was assigned to the case. The original of the notice was filed in the state court action.

In addition to the notice of bankruptcy, the attorney for the plaintiffs received a letter from the office of the attorney representing Spring Valley Farms in the bankruptcy case. The letter, which was mailed on December 29, 1982, and directed to Bessie Keeling Crow, stated that her claim had been listed in Schedule A–3 of the bankruptcy petition of Spring Valley Farms as contingent, disputed, or unliquidated. Attached to the letter was a certificate of service whereby the attorney for the debtors in the consolidated bankruptcy case verified that any creditors whose claims had been scheduled as contingent, disputed, or unliquidated in any of the cases had been so notified by the debtors' attorney. The certificate of service was prefaced by the names and corresponding docket numbers of each of the consolidated cases, including the case of Spring Valley Foods. The notice of bankruptcy and the letter are the only notices concerning the bankruptcy case sent to or received by any of the plaintiffs or their attorney. The plaintiffs did not file proofs of claim or otherwise participate in the bankruptcy case.

On December 9, 1982, Spring Valley Farms petitioned to remove the state court action to this Court. Upon finding the removal to be procedurally improper, the Court remanded the adversary proceeding to the Circuit Court of Etowah County, Alabama. The proceeding was properly removed to this Court on October 15, 1985.

In the meantime, the bankruptcy cases had proceeded in the United States Bankruptcy Court for the Middle Division of North Carolina. On August 20, 1984, that Court entered an order confirming the debtors' plans of reorganization. The confirmation order provided that the "debtors are discharged in accordance with 11 U.S.C. § 1141."

On January 16, 1986, the plaintiffs filed a motion here for leave to amend the pleadings, seeking to add Spring Valley Foods as an additional defendant. In their motion, the plaintiffs alleged that the suit was brought against the legal entity operating the chicken plant in the vicinity of real property owned by the plaintiffs, that at the time the complaint was filed and for some time thereafter, the plaintiffs believed that the proper name of that entity was Spring Valley Farms, Inc., but that it had since become apparent to the plaintiffs that at all times relevant to the action the plant was operated by Spring Valley Foods, Inc. The plaintiffs had also moved for leave to amend the complaint to allege recurring nuisance and recurring trespass, and to add counts concerning the dischargeability of any debts owed to them by the defendants. By order of this Court entered on May 8, 1986, the plaintiffs were granted leave to amend their pleadings, and pursuant to that order the pleadings were amended on May 21, 1986.

Prior to the adding by the plaintiffs of Spring Valley Foods as a party defendant, Spring Valley Farms moved for summary judgment requesting the Court to find that those claims asserted by the plaintiffs which arose prior to the date of the confirmation order in the bankruptcy case had been discharged pursuant to that order. On September 2, 1986, the plaintiffs filed a cross-motion for summary judgment against both defendants requesting the Court to find that the plaintiffs' claims are not barred or otherwise affected by the discharge provision of the confirmation order entered in the defendants' bankruptcy cases. The parties are in agreement that the debtors' discharge does not prohibit the plaintiffs from pursuing any claims which may have arisen subsequent to the date of the discharge.

Thus, the sole question before the Court is whether the plaintiffs are barred from asserting any claims that they may have against the defendants which arose prior to the date that the defendants were discharged. Upon due consideration of the motions for summary judgment, the brief submitted by the parties, the stipulation of

facts, and the relevant products of discovery on file in this proceeding, the Court finds that the discharge received by the defendants does not prohibit the plaintiffs from now asserting any prepetition claims which they may have against the defendants and that any judgment which the plaintiffs may obtain against the defendants in connection with those claims will not be a dischargeable debt.

Section 1141(d)(1)(A) of title 11, United States Code, provides that the confirmation of a reorganization plan discharges the debtor from any debt that arose prior to the date of confirmation regardless of whether a proof of claim has been filed by the creditor, the claim was allowed, or the plan was accepted by the holder of the claim.

It is undisputed by the parties that in its chapter 11 schedules, Spring Valley Farms did not list any of the claims of the plaintiffs except for that of Bessie Keeling Crow and that the schedules filed by Spring Valley Foods contained no reference to the claims of any of the plaintiffs. However, each of the plaintiffs was given notice of the bankruptcy case by virtue of the notice of bankruptcy and by the letter, directed to Bessie Keeling Crow, which their attorney received from the defendants' attorney shortly after the bankruptcy case was filed. The plaintiffs' knowledge of the pending bankruptcy case prompted them to attempt to remove their action against Spring Valley Farms from the Circuit Court of Etowah County, Alabama, to this Court; the attempt to remove the action was made only one month and two days after the bankruptcy petitions were filed. Thus, it is apparent to the Court that the plaintiffs had actual knowledge of the bankruptcy case within sufficient time to file a timely proof of claim.

Based on the facts as stated above, the provisions of 11 U.S.C. § 1141(d)(3) appear to be unconditional and seem to dictate a conclusion by the Court that any debt owed by defendants to the plaintiffs resulting from claims which arose before the date of the confirmation order were discharged by that order. The plaintiffs, however, argue that notwithstanding any knowledge which they may have had that the bankruptcy case was pending, the fact that they failed to receive notice of the confirmation hearing, the date set for the filing of proofs of claims and the other notices required by Bankruptcy Rule 2002, commands a finding by the Court that their alleged prepetition claims against the defendants are not barred or otherwise affected by the debtors' discharge. According to the plaintiffs, it would be a violation of due process for the Court to hold otherwise.

The Supreme Court has stated that "an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), (citing *Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940); *Grannis v. Ordean,* 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed.2d 1363 (1914); *Priest v. Las Vegas,* 232 U.S. 604, 34 S.Ct. 443, 58 L.Ed. 751 (1914); *Roller v. Holly,* 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520 (1900).) The defendants argue that the plaintiffs were given such notice when they were informed of the filing of the defendants' bankruptcy petitions. At that point, according to the defendants, the plaintiffs became obligated pursuant to the provisions of Bankruptcy Rule 3003(c)(2) to file timely proofs of claim in order to prevent the debts represented by their claims from being disallowed as well as discharged in the bankruptcy case.[1] The defendants further argue that the plaintiffs' knowledge of the bankruptcy case, coupled with the provisions of Bank-

---

1. Bankr. Rule 3003(c)(2) provides that in chapter 11 cases, any creditor "... whose claim or interest is not scheduled or scheduled as disputed, contingent or unliquidated shall file a proof of claim or interest within the time [fixed by the court]; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."

ruptcy Rule 3003(c)(2), thrust upon the plaintiffs the burden of ascertaining the deadline fixed by the Court for the filing of proofs of claim. According to the defendants, when the plaintiffs failed to file proofs of claim they chose not to be treated as creditors for purposes of voting on and being included in the debtors' plan and were thus not entitled to receive notice of the confirmation hearing.

Bankruptcy Rule 2002(a)(8), however, specifically requires that all creditors be given written notice of the bar date for the filing of proofs of claim. In a discussion of the notice requirement contained in the Bankruptcy Code and Rules, one bankruptcy court has noted the impracticability of imposing upon creditors the duty to search the court records in order to determine the status of their claims and of the bankruptcy case. As that court pointed out, creditors are frequently, as in this case, located a considerable distance from the bankruptcy court and cannot personally review the court records; although such creditors may make inquiry to the Court, the Court is not bound by law to review the records and apprise the creditors of the desired information.[2] *In re Middle Plantation of Williamsburg, Inc.*, 36 B.R. 873 (Bankr.E. D.Va.1984). Viewed from this standpoint, the importance of full compliance with the notice requirements of the Bankruptcy Code and Rules is obvious.

The Supreme Court has recognized the importance of such notice. In *New York v. New York, New Haven & Hartford Railroad Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953), involving a reorganization under § 77 of the prior Act, the City of New York had certain liens on specific parts of the debtor's property. The debtor was aware of the city's liens, and the city had actual knowledge of the debtor's reorganization proceeding; however, the city did not receive notice of the district court's order fixing the last day for the filing of proofs of claim and, consequently, failed to file its proofs of claim prior to the bar date. The Supreme Court held that the city did

not receive reasonable notice pursuant to § 77(c)(8). The Court rejected the notion that the city's knowledge of the bankruptcy case placed upon it the duty to inquire about orders of the reorganization court. Rather, the Court stated that a creditor in such a situation may assume that it will be notified as required by statute before losing the right to assert a claim. 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953).

In a case with facts very similar to the one presently before the Court, the Tenth Circuit held that the creditor's claim could not be barred by the debtor's confirmed reorganization plan which the creditor had no opportunity to dispute. Citing the Supreme Court decision in *Mullane, supra*, and *New York, supra*, the Court further held that "notwithstanding the language of § 1141, the discharge of a claim without reasonable notice of the confirmation hearing is violative of the Fifth Amendment to the United States Constitution." *Reliable Electric Co., Inc., v. Olson Construction Co.*, 726 F.2d 620, 623 (10th Cir.1984).

In support of their argument that the plaintiffs' claim should be discharged by the confirmation order, the defendants cite *In re Penn Central Transportation Co.*, 771 F.2d 762 (3rd Cir.1985), *cert. denied*, 474 U.S. 1033, 106 S.Ct. 596, 88 L.Ed.2d 576 (1985). In *Penn Central* the debtor filed a petition for railroad reorganization under § 77. The debtor's plan was confirmed and the debtor obtained a discharge. Thereafter, certain creditors filed an action in the United States district court against the debtor based on claims which arose prior to the date of the petition. Noting that the § 77 reorganization should be accorded finality, the Third Circuit held that the creditors would not be allowed to pursue their prepetition claims against the reorganized debtor.

The facts of *Penn Central*, however, distinguish it from the case at bar. Unlike the present plaintiffs, those creditors in

---

**2.** Bankr. Rule 5003(d), however, requires the clerk of the court, upon request, to search the records for the limited purpose of determining whether a case has been filed in or transferred to the court or a discharge has been entered.

*Penn Central* received written notice by mail of the order of the bankruptcy court fixing a deadline for the filing of proofs of claim. One of those creditors filed a proof of claim in the bankruptcy case and accepted the debtor's plan. After being notified of the time by which proofs of claim were to be filed, the other creditor chose not to participate in the proof-of-claim process. Thus, the creditors in *Penn Central* were not simply made aware of the pendency of the debtor's petition and left to determine for themselves how and when to assert any claims which they may have had.

The defendants would have the Court conclude that the plaintiffs should be estopped from further pursuing their alleged claims against the defendants based on principles of equity. In support of this contention the defendants cite *In re Pagan*, 59 B.R. 394 (D.P.R.1986). In that case, as here, an action by creditors was pending against the debtor at the time of the filing of the debtor's chapter 11 petition. The creditors were stayed from proceeding in their action against the debtor due to the intervening chapter 11 petition and were thus aware of the bankruptcy case. However, the creditors never received official notice from the bankruptcy court as to any aspect of the reorganization proceeding. *Id.* at 396. The debtor's plan was confirmed (discharging the debtor) and the bankruptcy case was closed. Almost four years after being informed by the debtor's attorney of the debtor's discharge, the creditors moved the bankruptcy court to reopen the bankruptcy case. The bankruptcy court denied the creditor's motion to reopen the case. In affirming the decision of the bankruptcy court, the district court noted that parties in interest in bankruptcy cases are entitled to expect finality in the proceeding. Although the Court recognized that the creditors' failure to receive any official notice of the bankruptcy case would ordinarily constitute a denial of due process, it found that their delay in asserting their claims in the bankruptcy court was unreasonable under the circumstances. On that basis the Court held that the creditors' claims were barred by laches.

Although the facts in *Pagan* are similar in some respects to those in the case at Bar,. the Court's decision in *Pagan* appears to turn on the four-year delay on the part of the creditors in seeking relief from the bankruptcy court. That essential fact is not present in this case.

With regard to the plaintiffs' claim against Spring Valley Foods, the defendants argue that since Spring Valley Foods was not added as a party defendant in the plaintiffs' complaint until after the confirmation order in the bankruptcy case, that defendant had no obligation to list the plaintiffs' claims in its schedules. From this argument it may be inferred that the plaintiffs were not entitled to receive notice of any aspect of that defendant's bankruptcy case, and that since they failed to assert any prepetition claims against that defendant prior to the confirmation order, such claims are now barred. This argument and the inferences which follow therefrom would possibly have merit if the circumstances were such that the debtor was totally unaware of the plaintiffs' claims prior to the confirmation of the debtor's plan. See *In re Siouxland Beef Processing Co. v. Knight*, 55 B.R. 95, 13 Bankr.Ct.Dec. 942 (Bankr.N.D.Iowa 1985). However, the facts surrounding the operation and management of the chicken-processing plant when the action against Spring Valley Farms was commenced by the plaintiffs leave the Court to conclude that Spring Valley Foods was not without knowledge of the plaintiffs' claims at the time of the bankruptcy case.

Based on the foregoing, the Court finds that because they were not given notice of the time fixed by the Court for the filing of proofs of claim, the plaintiffs cannot be bound by the confirmation order. It is therefore unnecessary for the Court to address the defendants' argument that by virtue of their failure to file proofs of claim the plaintiffs were not entitled to receive notice of any proceedings surrounding the confirmation of the defendants' plan.

The question presented to the Court is a difficult one, and the conclusion by the Court might have been different had this

been a question of first impression. In light of the plaintiffs' actual knowledge of the defendants' bankruptcy case and the concept of giving a "fresh start" to a bankruptcy debtor, it may appear contrary to the remedial spirit of the statute to permit the plaintiffs after the conclusion of the bankruptcy case to continue to assert their alleged claims against the defendants. However, it seems reasonable to require debtors seeking relief pursuant to the bankruptcy laws to comply with the applicable provisions of title 11 and the Bankruptcy Rules as a condition to obtaining full relief.

An order will be entered in accordance with the foregoing memorandum opinion.

Done at Anniston, Alabama, on this December 31, 1986.

s/ L. Chandler Watson, Jr.
L. Chandler Watson, Jr.
Bankruptcy Judge