**In re HEATER CORPORATION OF THE AMERICAS, INC., Debtor.**

**Bankruptcy No. 88–02780–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Feb. 15, 1989.

---

**2.** Because the defendants/transferees were "insiders" as defined in § 101(30), the fourth element, § 547(b)(4)(B), is not in issue.

See also, Bkrtcy., 98 B.R. 1016.

Mark B. Yeslow, Jeffrey D. Troy, P.A. Fort Myers, Fla., for claimants Agricultural Technologies, Inc., Kevin Shatto and Jim Shatto.

Thomas E. Krause, Miami, Fla., for Metalsource Corp.

Jordan E. Bublick, Miami, Fla., for debtor.

### ORDER ON CLAIMS 55, 59, 60, 61 CONTINUING HEARING ON DEBTOR'S OBJECTIONS

THOMAS C. BRITTON, Chief Judge.

On December 23, 1988, 18 days before the confirmation hearing scheduled on this debtor's chapter 11 plan, the debtor filed (CP 48a) its objections to 36 claims, together with a motion (CP 50) to shorten, under Rule 9006(c)(1) the 30–day notice period to 20 days, so that its objections could be heard at the confirmation hearing.

The debtor's objections (CP 48a ¶ 32 through ¶ 35) to four of these claims is crucial to the confirmation of the debtor's plan, because these four claims (Claim Nos. 55, 59, 60, 61) which total $1 million are decisive to the creditor election and to the feasibility of this plan. The U.S. Trustee's Recommendation (CP 79a), filed January 26, reports that the plan meets all other requirements for confirmation.

For this reason the motion to shorten the notice for hearing the objection to these four claims was granted (CP 72) and they were heard January 10.[1] The 32 remaining objections, which involve solely questions of State law and are neither necessary nor relevant to the bankruptcy reorganization were not heard, this court abstaining pursuant to 28 U.S.C. § 1334(c)(1). (CP 80).

For the reasons which follow, I now reject the debtor's contention that these four claims are time-barred. Because the parties have not been heard on the debtor's remaining objections, going to the merits of the claims, those objections will be heard without delay.

These four claims were filed by related creditors, Kevin Shatto, Jim Shatto, and Agricultural Technologies, on November 30 and December 12, 1988 *after* the claims bar date of November 15, which had been set by the court's notice of July 21 (CP 6) and its Order of October 12 (CP 32).

It is acknowledged by the debtor that these claimants were not scheduled by the debtor as creditors and, therefore, received no formal notice of the bankruptcy filing and received none of the notices sent by this court to creditors, including the July and October mailings relating to the claims bar date.[2]

It is acknowledged by the claimants, however, that they received *actual* notice of the bankruptcy filing on August 3, more than three months before the bar date. On that date they were served by the debtor with a formal Suggestion of Bankruptcy, filed in their State court action against the debtor in order to stay the State court litigation.

Of course, the debtor concedes that it was well aware of claimants' active assertion of their claims.

---

1. This court's February 2 Order Denying Debtor's Motion to Shorten Time Period for Hearing on Debtor's Objections to Claims (CP 81) is misleading. Though the debtor's motion was denied as to 32 objections, it was granted as to the four objections crucial to this attempted reorganization. The February 2 Order was modified accordingly. (CP 82).

2. It is not suggested here that the omission was anything other than a careless oversight.

Claimants ask that the bar date for their claims be retroactively extended under Rule 3003(c)(3). As was held in *In re South Atlantic Financial Corp.*, 767 F.2d 814, 817 (11th Cir.1985), Rule 3003(c)(3) must be read with Rule 9006(b), which requires a showing of "excusable neglect" for any retroactive time extension, that is to say, a showing that the:

"failure to timely perform a duty was due to circumstances which were beyond the reasonable control of the person whose duty it was to perform."

The debtor argues that a creditor's actual notice of its debtor's bankruptcy imposes on the creditor a "duty to inform himself" as to the claims bar date, which could readily be obtained by inquiry or by examination of the court file.

Recognizing that no circuit has yet passed directly on this point, the debtor relies upon *In re Alton*, 837 F.2d 457, 458 (11th Cir.1988) (late filing of complaint objecting to discharge by an unlisted creditor who received no notice of the complaint bar date but who had actual notice of the bankruptcy was not excusable neglect).

The analogy would be persuasive but for the fact that the *South Atlantic* court, which was dealing with the *claims* bar date, expressly stated that lack of notice of the *claims* bar date by a party with actual notice of the bankruptcy *is* excusable neglect. The court said:

"Biscayne acknowledges that its failure to file a timely proof of claim was not the result of anything beyond its reasonable control, *such as lack of notice of the bar date*, but was the result of its counsel's failure accurately to determine whether a proof of claim had already been filed, a fact she could easily have verified by an examination of the bankruptcy court records." 767 F.2d at 818.

This dictum, though perhaps not conclusive, is consistent with the pre-Code holding in *City of New York v. New York, New Haven & Hartford Railroad Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333, *motion to modify judgment denied*, 345 U.S. 901, 73 S.Ct. 639, 97 L.Ed. 1339 (1953) (city's failure to file claim before bar date excused by lack of notice of claims bar date, though city had actual notice of bankruptcy). The court said:

"Nor can the bar order against New York be sustained because of the city's knowledge that reorganization of the railroad was taking place in the court. The argument is that such knowledge puts a duty on creditors to inquire for themselves about possible court orders limiting the time for filing claims. But even creditors who have knowledge of a reorganization have right to assume that the statutory right to 'reasonable notice' will be given them before their claims are forever barred. When the judge ordered notice by mail to be given the appearing creditors, New York City acted reasonably in waiting to receive the same treatment.

"The statutory command for notice embodies a basic principle of justice—that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights."

*New York*, consistently followed in pre-Code cases, has also been followed by a district court affirming the bankruptcy court in a Code case, *In re Moskowitz*, 35 B.R. 750, 753 (S.D.N.Y.1983) (claims bar date extended for creditor who had actual notice of bankruptcy but no notice of claims bar date).

Claimants' motion for a retroactive extension of the bar date is granted to include the formal claims they have now filed. The debtor's objection that these four claims were filed late and are, therefore, barred is overruled. The confirmation or rejection of the debtor's plan, presently pending before this court, must await disposition as to these four claims of the debtor's remaining objection, on the merits. *That hearing will be held in Miami on Friday, February 24, 1989 at 9:30 A.M. in Courtroom 1406 at 51 SW 1st Avenue.*

DONE and ORDERED.