**In re UITERWYK CORPORATION, Debtor.**

**Bankruptcy No. 83–0166–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 19, 1989.

See also, Bkrtcy., 84 B.R. 794.

Don Stichter, Tampa, Fla., for debtor.

Zala Forizs, St. Petersburg, Fla., for Creditors Committee.

R. Jay Harpley, Tampa, Fla., for creditors, Ali & Kazem Paksima.

## ORDER ON MOTION FOR LEAVE AND ENLARGEMENT OF TIME FOR FILING PROOF OF CLAIM

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion for Leave and Enlargement of Time for Filing Proof of Claim filed by Ali Paksima and Kazem Paksima, pursuant to Bankruptcy Rules 3003(c)(3) and 9006(b).

The Court considered the Motion, together with the entire record, and finds the following facts which are relevant as they appear from the record.

Prior to the commencement of this Chapter 11 case, the Debtor, Uiterwyk Corporation (U–Corp.), a Florida corporation, was a 49% stockholder in a corporation known as Iran Express Lines, an Iranian private joint stock company engaged in shipping activities. The majority shares were held by Ali Paksima and Kazem Paksima (Paksimas). In addition, U–Corp. acted as a general shipping agent for various international shipping lines, including its own company, Iran Express Lines. Iran Express Lines entered into a general agency agreement on July 14, 1978 with U–Corp. whereby U–Corp. would act as Iran Express Line's general shipping agent in the United States. The purpose of this Agreement was to formalize an already existing relationship which had existed between Iran Express Lines and Jan C. Uiterwyk Corporation, a corporation which merged into

U–Corp. in October of 1976. The original agency relationship between Iran Express Lines and the Jan C. Uiterwyk Corporation was reduced to writing and evidenced by a memorandum of understanding dated September 24, 1974, which was written by Jan C. Uiterwyk and sent to Ali Paksima. In essence, the Agreement established the parties' respective responsibilities, including the part played by Sea–Man–Pak, who was Iran Express Line's general agent in Iran.

As a result of the political upheaval caused by the overthrow of the government of the Shah of Iran and due to the fact that the revolutionary government of Iran, headed by the Ayatollah Khomeini, seized all assets of Iran Express Lines, for all practical purposes, Iran Express Lines was put out of business. Based on negotiations by President Jimmy Carter with the Iranian government, all claims asserted against the Iranian government had to be asserted in the Iran–United States Claims Tribunal located in the Netherlands. U–Corp., in its capacity as general shipping agent for various shipping lines and five individual members of the Uiterwyk family, sought to recover $30,304,075.22 in damages, together with costs, and legal expenses, from various respondents including the Iranian government and Iran Express Lines for the damages that U–Corp. sustained on behalf of Iran Express Lines. U–Corp. claimed to have acted as Iran Express Line's agent in respect to some 120 voyages between 1974 and 1978 and members of the Uiterwyk family claimed to have guaranteed loans taken out by Iran Express Lines, which were defaulted on, as well as having borne the costs and expenses caused by the political upheaval in Iran. In essence, U–Corp. claimed to have enabled the shipping company to stay alive as long as it did.

On August 1, 1980, U–Corp. and the Paksimas individually entered into an agreement concerning the claim to be asserted on behalf of U–Corp. This Agreement was reduced to writing and attached to the Paksimas' proof of claim and provided that any money that U–Corp. received through court judgments would first be applied to the outstanding balance of accounts between U–Corp., banks and its affiliates; and that any excess of money remaining after the satisfaction of such accounts would be split between U–Corp. and the Paksimas on an equal basis.

On January 27, 1983, U–Corp. and its affiliates filed their respective petitions for relief under Chapter 11 in this Court. On July 27, 1984, this Court entered an Order which established August 31, 1984, as the last date to file proof of claims against U–Corp. and the other debtors. It is without dispute that the Paksimas were not scheduled as creditors in this Chapter 11 case, and never received notice during the pendency of the Chapter 11 case of any proceeding, including the notice fixing the bar date for filing proof of claims. On July 6, 1988, the Iran–United States Claims Tribunal in Case No. 381 entered an award which included interest, costs and reasonable attorney fees in favor of U–Corp. and against Iran Express Lines and Sea–Man–Pak. Counterclaims by Iran Express Lines against U–Corp. were dismissed as well as U–Corp. claims against the Iranian government. These are facts upon which the Paksimas allege that they are a creditor of U–Corp. and should be allowed to file a proof of claim.

It should be noted at the outset what is and what is not involved in the matter under consideration. The Motion under consideration does not involve the question of whether the Paksimas have a valid and meritorious claim against U–Corp. which should be allowed. What is involved is the limited question of whether or not the Paksimas should be allowed to file a proof of claim in spite of the fact that the bar date for filing claims in this Chapter 11 case has long been expired.

The procedure to file proof of claims in a Chapter 11 case is governed by Bankruptcy Rule 3003 which, in subclause (c)(3), provides that the Court shall fix and for cause shown may extend the time within which proof of claims or interest may be filed. Bankruptcy Rule 9006(b)(1) deals with several time frames provided by the Rules within which certain acts must be per-

formed. This Rule specifically deals with the instance where the time frame fixed may be enlarged, or when enlargement is not permitted, Bankruptcy Rule 9006(b)(2); or when the right to enlargement is limited, Bankruptcy Rule 9006(b)(3).

█ Bankruptcy Rule 3002(c), unlike Bankruptcy Rule 3001, which deals with filing proof of claims in Chapter 7 and Chapter 13 cases, contains no specific provision for a bar date to file proofs of claim, and the Rule permits an enlargement of time for cause shown. Bankruptcy Rule 9006(b)(1) provides that enlargement is discretionary and may be granted even if the Motion is made after the expiration of the period previously specified by the Court provided the failure to act was the result of excusable neglect. As noted earlier, the Paksimas were not scheduled by the Debtor as creditors. They have not received any notices of any proceedings which occurred in this Chapter 11 case and, most importantly, never received a notice of the bar date fixed by the Court to file proof of claims. While it is intimated by U-Corp. that the Paksimas were very well aware of the pendency of the Chapter 11 case, it is clear that under controlling case law, the concept of due process compels the conclusion that even if a creditor is aware of the pendency of a bankruptcy case, it is entitled to receive notice of the bar date to file proof of claims. Thus, concerning the very same questions, the Supreme Court in the case of *The City of New York v. New York, New Hampshire and H.R. Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953) held that in a reorganization case, creditors are entitled to receive reasonable notice of proceedings before their claims can be forever barred, even if the claimants had knowledge that the bankruptcy case was taking place.

This fundamental due process requirement was discussed in *Tulsa Professional Collection Services Inc. v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), a probate case in which the claimant therein had filed a claim against decedent's estate after the bar date had passed pursuant to Oklahoma's "Non–Claim Statute". The Court in *Pope* said 108 S.Ct. at page 1347:

"In analogous situations we have rejected similar arguments that a pressing need to proceed expeditiously justifies less than actual notice. For example, while we have recognized in the bankruptcy context there is a need for prompt administration of claims, *United States Association of Texas v. Timbers of Inwood Forest Association, Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988), we also have required actual notice in bankruptcy proceedings. *Bank of Marin v. England*, 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966); *City of New York v. New York, N.H. & H.R. Co.*, *supra*. See also, *Mullane v. Central Hanover Bank & Trust Company*, supra, 339 U.S. [306] at 318–319, 70 S.Ct. [652] at 659 [94 L.Ed. 865 (1950) ] (Trust Proceedings). Probate proceedings are not so different in kind that a different result is required here.

... If appellant's identity was known or reasonably ascertainable then termination of appellant's claim without actual notice violated due process." 108 S.Ct. at page 1348.

"Actual knowledge of the filing of a bankruptcy petition does not negate the statutory notice requirements nor does it place a duty on creditors to inquire regarding time limitations for filing claims", citing *New York City v. New York, N.H. and H.R. Co.*, *supra*. *In re Spring Valley Farms, Inc.*, 85 B.R. 593, 595 (N.D.Ala. 1988).

█ Thus, the Paksimas were clearly entitled to be given formal notice of these proceedings, especially the bar date fixed by the Court. *In re The Charter Company*, 68 B.R. 396 (Bkrtcy.M.D.Fla.1986). For this reason, they should be allowed to file their proof of claim and to deny their right to file a proof of claim would be denial of due process to which they are entitled. *In re South Atlantic Financial Corp.*, 767 F.2d 814 (11th Cir.1985).

Based on the foregoing, this Court is satisfied that the Motion for Leave and

Enlargement of Time for Filing Proof of Claim should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Leave and Enlargement of Time for Filing Proof of Claim be, and the same is hereby, granted without prejudice to allow the Paksimas to file a proof of claim provided, however, that the Debtor is allowed the opportunity to challenge the merits of the proof of claim.

DONE AND ORDERED.