**In re ARLINGTON HEIGHTS CONGREGATE HOUSING PARTNERSHIP, Debtor.**

**In re CHURCH CREEK NURSING CENTER, Debtor.**

**Bankruptcy Nos. 89–8131, 89–8132.**

United States Bankruptcy Court, S.D. Indiana.

Dec. 4, 1995.

Dominic F. Polizzotto, Indianapolis, IN, for Debtors.

James W. Dodge, Springfield, IL, for IL Dept. of Revenue.

Teresa Williams, Basic American Industries, Inc., Indianapolis, IN, for Basic American.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

Before the Court are (i) Debtors' Motion to Disallow Claim, (ii) Illinois Department of Revenue's ("IDOR") Objection to Debtors' Motion to Disallow Claim, and (iii) IDOR's Motion to Allow Claim and to Compel Partial Disgorgement of Assets. IDOR has withdrawn as moot its Objection to Debtors' Motion to Disallow Claim and Motion to Allow Claim and to Compel Partial Disgorgement of Assets in the Church Creek Nursing Center case, so only this matter as it relates to Arlington Heights Congregate Housing Partnership ("Arlington") remains.

From January, 1985, to November, 1989, Arlington was operated and its day-to-day activities were managed by Marriot. Arlington filed its petition under Chapter 11 of the Bankruptcy Code on November 2, 1989, and relied largely upon Marriot to put together its bankruptcy schedules. For some reason, Marriot failed or declined to schedule IDOR as a creditor of Arlington, even though it was clear that IDOR was a known creditor of Arlington with a priority tax claim. Accordingly, IDOR never received formal notice of either the bankruptcy filing or the claims bar date. However, during parts of January and early February, 1990, representatives of Basic American Industries, Inc. were in Indianapolis at Arlington's business office performing an audit of Arlington's books and records on behalf of IDOR. The auditors openly discussed among themselves and with at least one IDOR employee the fact that a bankruptcy had been filed and how IDOR might collect the tax obligations of Arlington. On February 1, 1990, Arlington filed its Motion to Set Bar Date for Filing Proofs of Claim. On February 2, 1990, this Court entered an order setting a claims bar date in Arlington's case of February 26, 1990. On February 20, 1990, the Plan of Reorganization, which called for the payment in full of all priority tax claims, was confirmed. Thereafter, on June 21, 1990, IDOR filed a proof of claim in the amount of $94,552.00 (subsequently amended to $71,844.00), which claim was based upon Illinois Retailers' Occupation Tax liabilities under 35 ILCS 120/1, et seq., and is entitled to priority under 11 U.S.C. § 507(a)(8). On February 3, 1994, Arlington filed its Motion to Disallow Claim based upon the fact that IDOR's proof of claim was filed after the bar date. On February 28, 1994, IDOR filed its Objection to Arlington's Motion to Disallow Claims, wherein IDOR asserts that it was not placed on the original mailing matrix and that IDOR did not learn of the bar date until after the date had passed. In addition, IDOR disputes that it had actual notice of the bankruptcy filing through its representatives and agents. It is undisputed, however, that IDOR had no formal notice of the bankruptcy filing; it is also not seriously disputed that IDOR had neither actual nor formal notice of the claims bar date.

■ While there is conflicting authority on the question of what notice must be given before a creditor's late-filed claim may be barred, the overwhelming majority of cases support IDOR's position that, even if the Court imputes actual knowledge of the bankruptcy filing to IDOR, due process considerations require that its late-filed claim be allowed.

■ In *City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953), the U.S. Supreme Court held that even creditors who have knowledge of a reorganization have a right to assume that reasonable notice will be given them before their claims are forever barred. 344 U.S. at 297, 73 S.Ct. at 301. "The statutory command for notice embodies a basic princi-

ple of justice—that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights." *Id.* In a case involving a slightly different issue, the U.S. Supreme Court recently reiterated the significance of notice of a claims bar date in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

In *In re Chicago Pacific Corp.*, 773 F.2d 909 (7th Cir.1985), the U.S. Court of Appeals for the Seventh Circuit, citing *City of New York, supra,* stated that known creditors are entitled to actual notice of bar dates for filing claims. However, in that case, the Seventh Circuit affirmed the District Court, which denied creditors' motion for leave to file a late proof of claim. Admittedly, the Seventh Circuit's statement that a known creditor is entitled to actual notice of bar dates was, in that case, merely dictum.

Two other Courts of Appeals which have considered this question have similarly concluded that a creditor's knowledge of a pending bankruptcy does not substitute for notice of a bar date for filing proofs of claim, and such notice must be provided before a proof of claim will be barred for untimeliness. *See In re Yoder Co.*, 758 F.2d 1114 (6th Cir.1985); *In re Herd,* 840 F.2d 757 (10th Cir.1988). Like *Chicago Pacific*, both *Yoder* and *Herd* cite as authority the U.S. Supreme Court's opinion in *City of New York, supra.*

Similarly, several bankruptcy courts in this circuit have concluded that known creditors with knowledge of a bankruptcy filing are entitled to notice of the claims bar date if their late-filed claims are to be disallowed. *See In re Pettibone Corp.*, 162 B.R. 791 (Bankr.N.D.Ill.1994); *In re C.S.T. Constr. Co., Inc.*, 21 B.R. 840 (Bankr.N.D.Ill.1982).

Numerous other bankruptcy and district courts in other circuits have held the same. *See In re Sacred Heart Hospital,* 177 B.R. 16 (Bankr.E.D.Pa.1995); *In re Johansen, Thackeray, MacKenzie Properties, Ltd.,* 166 B.R. 962 (D.Utah 1994); *In re B.C. Enterprises, Ltd.,* 160 B.R. 827 (Bankr.D.Ariz. 1993); *In re Thomson McKinnon Securities, Inc.,* 130 B.R. 717 (Bankr.S.D.N.Y.1991); *In re Len Kelley Enterprises, Inc.,* 124 B.R. 352 (Bankr.M.D.Fla.1991); *In re Uiterwyk Corp.,*

105 B.R. 103 (Bankr.M.D.Fla.1989); *In re Heater Corp. of the Americas, Inc.,* 97 B.R. 657 (Bankr.S.D.Fla.1989); *In re CRC Wireline, Inc.,* 103 B.R. 804 (Bankr.N.D.Tex. 1989); *In re Pine Associates, Inc.,* 35 B.R. 49 (Bankr.D.Conn.1983).

While there are a few cases where courts have not allowed late-filed claims where a creditor did not have notice of the bar date, most of these cases contain important factual distinctions from the one at bar. While the court in *In re Coastal Alaska Lines, Inc.,* 920 F.2d 1428 (9th Cir.1990) held that due process rights were not violated by denying an unscheduled creditor's motion to extend filing time for proof of claim, the court stated that the creditor in that case, unlike IDOR in this case, knew much more than simply that the debtor was in bankruptcy. The creditor received a copy of the first notice of creditors' meeting which stated that if assets were found, the court would notify listed creditors and give them an opportunity to file their claims. The creditor also knew that it had not been named as a creditor and therefore would not receive the statutory notice. Under these circumstances, the court concluded that:

> (the creditor) had sufficient notice and reasonable opportunity to appear as a creditor and receive statutory notice. It should have had itself added to the list of creditors to preserve its rights. Unlike the creditor in (*City of New York, supra*), (the creditor) did not act reasonably in waiting to receive notice.

920 F.2d at 1431.

In *Ford Business Forms, Inc. v. Sure Card, Inc.,* 180 B.R. 294 (S.D.Fla.1994), the court held that knowledge of a pending bankruptcy proceeding in a case involving an individual debtor is sufficient to bar a claim of a creditor who fails to file a claim before the claims bar date, whether or not the creditor has received formal notice of the claims bar date. However, that opinion favorably cites and notes the factual distinction from *In re Spring Valley Farms, Inc.,* 863 F.2d 832 (11th Cir.1989), which ruled that the creditor's actual knowledge of the bankruptcy filing was not sufficient to meet due process

**190**

requirements in a corporate Chapter 11 case. Clearly, the case at bar is more analogous to *Spring Valley* than to *Ford* since Arlington is a corporation in Chapter 11.

Another court found no due process violation when a creditor waits a very long time before filing its late claim or its motion to file late claim. *See In re Cmehil,* 43 B.R. 404 (Bankr.N.D.Ohio 1984) (more than two years after learning of the proceedings). In this case, however, IDOR filed its proof of claim less than four months after the claims bar date.

To summarize, the overwhelming majority of courts which have considered cases with facts similar to those presented in the case at bar have concluded that a late-filed claim should be allowed. In fact, the overwhelming weight of authority on this issue is that the Court has no discretion to deny an application by such a creditor to file a late claim. The Court cannot find in this case any of the mitigating circumstances presented in other cases set forth above which might allow it to conclude that it has some discretion and that IDOR's late-filed claim may be disallowed. Even if such mitigating circumstances were found, this Court is not at all certain that some of these cases which seem to clearly contradict the U.S. Supreme Court in *City of New York, supra,* are good law. Accordingly, Arlington's Motion to Disallow Claim of Illinois Department of Revenue must be denied and IDOR's Motion to Allow Claim is granted. The Court will schedule for a future date a hearing on the portion of IDOR's Motion relating to the partial disgorgement of assets.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.