**In re GOLDEN DISTRIBUTORS, LTD., and Capital Cigar and Tobacco Company, Incorporated, et al., Debtors.**

**Donald Everett AXINN, Claimant,**

v.

**METROPOLITAN DISTRIBUTION SERVICES, INC., Debtor.**

**Bankruptcy Nos. 90 B 21146 to 90 B 21149.**

United States Bankruptcy Court, S.D. New York.

June 20, 1991.

Wasserman, Chinitz, Geffner, Green & Wolf, Jericho, N.Y., for Donald Everett Axinn.

Summit Rovins & Feldesman, David R. Fried, New York City, for debtor.

**DECISION ON MOTION FOR AN ORDER EXTENDING CLAIMANT'S TIME TO FILE A PROOF OF CLAIM**

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Donald Everett Axinn ("Axinn") a lessor of business premises to the Chapter 11

debtor, Metropolitan Distribution Services, Inc. ("Metropolitan"), has moved for an order extending his time to file a proof of claim based on the debtor's rejection of the leased premises. The debtor objects to the motion because on January 10, 1991, this court entered a bar order pursuant to Bankruptcy Rule 3003(c)(3) fixing 30 days from the date of the order for filing proofs of claim for damages arising from rejected leases. Axinn did not file a proof of claim within the required time because he contends he was never properly notified of the deadline for lease claims.

### Factual Background

On November 13, 1990, Golden Distributors, Ltd. and its affiliated companies, including Metropolitan, filed separate petitions for relief under Chapter 11 of the Bankruptcy Code and continued to manage their properties and operate their businesses as debtors in possession in accordance with 11 U.S.C. §§ 1107 and 1108. The petitions were consolidated for administrative purposes only, as authorized under Bankruptcy Rule 1015.

On December 17, 1990, the debtors, including Metropolitan, moved for an order pursuant to 11 U.S.C. § 365(a) to reject certain unexpired leases, including the lease between Axinn, as lessor, and the debtor, Metropolitan, as lessee, with respect to a commercial facility in Holtsville, New York.

By letter dated January 2, 1991, counsel for Axinn inquired of counsel for the debtors, whether or not his client's lease with Metropolitan is one of the leases to be rejected. By letter dated January 9, 1991, counsel for the debtors informed counsel for Axinn that Metropolitan's lease with Axinn was included in the leases to be rejected.

On January 10, 1991, after hearing the debtors' motion, this court entered an order authorizing the rejection of various leases, including the lease between Axinn and Metropolitan. Counsel for Axinn did not appear for the hearing. At the request of the debtors, this court also included in the order a provision pursuant to Bankruptcy Rule 3003(c)(3) fixing 30 days from January 10, 1991 as the last day for filing proofs of claim for damages arising out of the debtors' rejection of the leases in question.

On January 11, 1991, a copy of this court's order dated January 10, 1991, which authorized the rejection of certain leases, including the Axinn lease, and fixed a 30 day bar order for filing claims arising out of rejection of the leases, was sent by certified mail to Donald E. Axinn Companies, 131 Jericho Turnpike, Jericho, New York. The lessor named in the lease, dated February 10, 1978, is Donald Everett Axinn, individually. The lessee under the lease originally was Culbro Corporation, located on Third Avenue, New York, New York. On September 26, 1985, Culbro Corporation, as lessee, assigned its interest under the lease to the debtor, Metropolitan, of 387 Park Avenue South, New York, New York.

The copy of the order which the debtors' counsel mailed to Donald E. Axinn Companies, attention Leonard Axinn, contained a caption which read: "Golden Distributors, Ltd. and Capital Cigar and Tobacco Company, Incorporated, *et al.*" No reference was made to the debtor, Metropolitan. A person reading this notice would have no hint that Metropolitan was also involved in the captioned case. Not only did the copy of the order fail to make reference to the debtor, Metropolitan, but the letter was not addressed to the lessor named in the lease, Donald Everett Axinn, but instead, the notice was addressed to another entity, Donald E. Axinn Companies and to the attention of a Leonard Axinn. Clearly, the notice was not calculated to inform Donald Everett Axinn that not only was his lease with Metropolitan rejected on January 10, 1991, but that he had 30 days from that date to file a proof of claim for damages arising out of such rejection. To make matters worse, counsel for the lessor, who contacted the debtors' counsel for information as to whether or not his client's lease was to be rejected, was never served with a copy of the bar order.

## DISCUSSION

■ Counsel for Axinn argues that an extension of time should be granted on the theory of excusable neglect. On the other hand, the omissions on the part of the debtors' counsel in attempting to give notice of the bar order were inexcusable omissions. Axinn cannot be charged with knowledge of the 30–day deadline for filing claims against Metropolitan when the copy of the order that the debtors' counsel mailed omitted Metropolitan's name from the caption. To the eyes of a nonlawyer, the Latin words "*et al.*" in the caption are not an adequate substitute for the unnamed debtor. This omission is especially egregious because counsel for Axinn was not served with a copy of the order, even after he had made himself known to the debtors' counsel. The notice requirement was further tainted by the fact that the copy of the bar order was misdirected. Metropolitan's lessor was Donald Everett Axinn, individually, and not his company, Donald E. Axinn Companies. The individual to whose attention the bar order was mailed, Leonard Axinn, does not have the same name as the lessor who signed the lease with Metropolitan, namely, Donald Everett Axinn. There is no reason why any employee at the Donald E. Axinn Companies should associate the names in the caption of the order with the unnamed debtor, Metropolitan, which was the lessor of the lease in question.

■ Counsel for the debtors correctly observes that the courts have strictly construed the doctrine of excusable neglect and that there must be a clear showing that the neglectful conduct was justifiable in the circumstances. *Maryland Casualty Company v. Conner*, 382 F.2d 13, 17 (10th Cir.1967); *In re Sasson Jeans, Inc.*, 96 B.R. 457, 459 (Bankr.S.D.N.Y.1989); *In re OPM Leasing Services, Inc.*, 35 B.R. 854, 866 (Bankr.S.D.N.Y.1983); *In re Horvath*, 20 B.R. 962, 966 (Bank.S.D.N.Y.1982). The three factors underlying the doctrine of excusable neglect are (1) the adequacy of the notice provided; (2) the source of the delay and the sophistication of the creditor; and (3) the prejudice, if any, that will inure to the debtor should the objection be allowed. In the instant case, an order bearing a caption which omits the name of the debtor involved, which is misdirected to an entity other than the named creditor and which is not served on the creditor's counsel after he made himself known to the debtors' counsel, does not satisfy the requirement of adequate notice. The cause of the delay in not filing a proof of claim on the part of the creditor was the inadequate notice. Metropolitan cannot claim that it will be prejudiced by allowing Donald Everett Axinn to file a claim for damages resulting from Metropolitan's rejection of the lease because such damages come as no surprise and were anticipated when Metropolitan rejected the lease. The debtors have not filed a plan of reorganization and should not at this stage reap a windfall because of the inadequate notice with respect to the bar order.

Applying the doctrine of excusable neglect strictly, as urged by the debtors, this court concludes that there is no justifiable excuse for the omission of Metropolitan's name in the caption of the copy of the order which should have been mailed to Metropolitan's lessor. There is no excuse for failing to mail the copy of the bar order to the individual who was Metropolitan's lessor. There is no explanation why the bar order, which was mailed to the lessor's company, was directed to an individual other than the lessor. In the circumstances, the lessor, Donald Everett Axinn, never received proper notice of the 30–day bar order.

Accordingly, the lessor, Donald Everett Axinn, need not rely on the doctrine of excusable neglect in requesting an extension of time to file a proof of claim for damages resulting from Metropolitan's rejection of his lease. Having failed to receive a proper copy of the bar order, Donald Everett Axinn is not time-barred by the January 10, 1991 order. Therefore, he may file his proof of claim within 30 days from the date of the order to be entered in this matter.

## CONCLUSIONS OF LAW

1.  This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

2.  The creditor, Donald Everett Axinn, did not receive adequate notice of the court's order dated January 10, 1991, which fixed the last day for filing claims for damages arising out of the debtors' rejection of certain leases.

3.  Donald Everett Axinn is a creditor of the debtor, Metropolitan, and may file his proof of claim for damages resulting from Metropolitan's rejection of his lease. Such claim shall be filed within 30 days from the date of the order entered in this matter.

SETTLE ORDER on notice.