**In re THOMSON McKINNON SECURI-
TIES INC. and Thomson McKinnon
Inc., Debtors.**

**Bankruptcy Nos. 90 B 10914, 90 B 11805.**

United States Bankruptcy Court,
S.D. New York.

Aug. 26, 1991.

See also 126 B.R. 833.

Barr & Rosenbaum, Spring Valley, N.Y., for Erwin Robinson.

Debevoise & Plimpton, New York City, for debtors.

## DECISION ON ORDER TO SHOW CAUSE FOR AN ORDER EXTENDING BAR DATE FOR FILING CLAIMS

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

Erwin Robinson, as Trustee of Erwin Robinson Living Trust ("Robinson"), has moved for an order pursuant to Bankruptcy Rule 9006(b)(1) enlarging the time to file a proof of claim beyond the October 30, 1990 bar date for filing proofs of claims which this court fixed in accordance with Bankruptcy Rule 3003(c)(3). Although the debtor gave notice by publication to all unknown creditors pursuant to an order of this court, no actual notice was given by the debtor to Robinson, nor was Robinson

718

aware at the time of the bar date that he had a claim against the debtor.

On March 28, 1990, the debtor, Thomson McKinnon Securities, Inc. ("TMSI"), filed with this court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and continued in possession and management of its business and property as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108. The debtor proposes a complete liquidation under the aegis of Chapter 11. Upon motion made by TMSI with the consent of the Creditors' Committee and the United States trustee, the court entered an order (the "bar date order") setting October 30, 1990 as the bar date for the filing of proofs of claim by former customers of TMSI.

The bar date order required TMSI to send notice of the bar date to those former customers of TMSI whom TMSI believed might have a claim against TMSI regarding customer property. These former customers consisted of all former customers to whom checks were issued but not presented for payment prior to TMSI's filing, all holders of open institutional accounts, and all former customers of TMSI who had made inquiries about customer property. The bar date order also required TMSI to cause notice of the bar date to be published, on each of three consecutive Mondays beginning on or before April 19, 1990, in each of eleven newspapers published in the United States and Europe. The newspapers in which the notice was to be published included the national edition of the New York Times, the national edition of the Wall Street Journal and the Detroit Free Press. The bar date order required all former customers of TMSI wishing to make claims to file their proofs of claim on or before October 30, 1990.

TMSI complied with the terms of the bar date order by mailing notice to over 4800 former customers and by publishing notice of the bar date. In response to the described notice, thousands of claims were filed on or before the bar date.

Robinson did not file a proof of claim. Robinson alleges that on February 28, 1989, he purchased shares of MFS Managed High Yield Muni Bond Fund ("MFS") for $10,009.94. Robinson claims that although TMSI sent him a statement dated March 31, 1989 reflecting delivery of the MFS shares, he never received them. Two years later, Robinson claims he first realized TMSI had not purchased the shares. He made no inquiry during this time when he did not receive any dividends, semi-annual statements, or other documents sent routinely by TMSI to its customers who had purchased MFS shares.

On the bar date, October 30, 1990, Robinson was unaware that TMSI had not purchased for him the MFS shares for which he paid TMSI the sum of $10,009.94 by check dated March 6, 1989. Robinson never received the MFS shares which TMSI was directed to purchase for him, nor did he receive a return of the purchase price which he paid to TMSI.

TMSI did not list Robinson as a creditor in its bankruptcy schedules and did not mail actual notice of the bar date to him. TMSI only sent actual notice of the bar date to its former customers "who had made inquiries about customer property." *Opposition of TMSI to Application of Erwin Robinson to File Late Claim*, at 5–6. Thus, if a former customer did not make inquiry about customer property before the mailing of notice of the bar date order, TMSI did not send such former customer any actual notice of such bar date order. Since Robinson had not yet inquired about his shares when TMSI sent actual notice, TMSI did not send him actual notice of the bar date.

TMSI argues that it was not required to ferret out every former customer who might or might not have a claim against TMSI. However, there was no showing that TMSI made any effort to notify former customers from whom TMSI received payment for purchased securities, but failed to deliver the securities. Only those customers who made inquiries as to nondelivered securities were notified of the bar date order; those customers who purchased securities and did not receive delivery from TMSI were not given notice of the bar date unless the former customers in-

quired of TMSI as to the failure to deliver their securities. As to those former customers who did not inquire as to the nondelivery of their purchased securities, TMSI relies on constructive notice, based on notice by publication as authorized by the court.

## DISCUSSION

In football, infractions by both teams cancel each other out as offsetting penalties and the field judge then directs them to replay the down. In the instant case, both sides are guilty of delaying the action. The debtor gave actual notice of the bar date order to open institutional accounts, former customers holding unpresented checks, and those former customers who made inquiries about customer property. However, the debtor failed to list in its bankruptcy schedules and give actual notice of the bar date order to those former customers who did not inquire about their property or accounts. Nor does the debtor contend that it made diligent inquiry to ascertain if it held property belonging to former customers who should be listed in its bankruptcy schedules and given actual notice of the bar date order. On the other hand, Robinson waited more than two years before learning that the debtor had not delivered the MFS shares for which he paid $10,009.94 to the debtor, at which time it was too late to file a timely proof of claim.

■ Notice by publication satisfies the requirements of due process when the names, addresses and interests of potential parties are unknown. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Notice by publication is minimally acceptable, according to the Supreme Court:

> Notice by publication is a poor and sometimes hopeless substitute for actual service of notice.

*City of New York v. New York, New Haven & Hartford Railroad Co.*, 344 U.S. 293, 296, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953). However, constructive notice by publication is not reasonable notice to creditors whose names, addresses and interests

are known to the debtor. *Id.* There is no question that the debtor knew that Robinson was a former customer who had purchased from the debtor the securities for which he paid $10,009.94. Additionally, the debtor had a record of Robinson's address. Although the debtor did not deliver the securities to Robinson, it nonetheless failed to give him actual notice of the bar date order because he did not inquire as to the debtor's failure to deliver the securities. The debtor took his money and then did not give him actual notice of the deadline for filing claims because Robinson did not ask what happened to his money or the securities he purchased.

Obviously, it was to the debtor's financial advantage not to make an effort to ferret out customers who paid the debtor for securities which it failed to deliver, but had not inquired as to their nondelivered securities. Accordingly, notwithstanding the absolute duty imposed on a debtor under 11 U.S.C. § 521(1) to file a list of creditors, this debtor chose to limit its efforts as to customers who did not receive delivery of securities purchased and who inquired as to their property held by the debtor. That the creditor, Robinson, also contributed to the delay in filing a timely proof of claim by not inquiring as to the nondelivery of his securities, does not detract from the fundamental principle that he is entitled to receive adequate notice of the bar date order. Robinson contends that in light of the circumstances in this case, constructive notice by publication is not adequate notice and that his failure to receive actual notice of the bar date order justifies the granting of his motion for an order extending the bar date to permit him to file a proof of claim.

■ Bankruptcy Rule 3003(c)(3) authorizes the court for cause shown to extend the time for which proofs of claim may be filed. Bankruptcy Rule 9006(b)(1) provides that if the specified period has expired, the movant must show that "the failure to act was the result of *excusable neglect.*" (emphasis added). The primary factor in determining the existence of excusable neglect for purposes of enlarging a bar date is

whether or not the creditor was given adequate notice to file a timely proof of claim. *City of New York v. New York, New Haven & Hartford Railroad Co.*, 344 U.S. at 296–97, 73 S.Ct. at 301; *Bratton v. The Yoder Company (In re Yoder Co.)*, 758 F.2d 1114 (6th Cir.1985); *In re Golden Distributors, Ltd.*, 128 B.R. 349 (Bankr. S.D.N.Y.1991). Because unknown creditors were adequately notified of the bar date order by constructive notice and known creditors were entitled to actual notice, it follows that a creditor like Robinson, who did not receive actual notice, may be entitled to an extension of the bar date only if he is regarded as a known creditor.

■ In determining whether a creditor is known or unknown, reference must be made to certain basic principles. Unknown creditors are those whose identities or claims are not reasonably ascertainable and those creditors who hold only conceivable, conjectural or speculative claims. *Charter Crude Oil Co. v. Petroleos Mexicanos (In re the Charter Co.)*, 125 B.R. 650, 655 (M.D.Fla.1991). On the other hand, a debtor must make reasonably diligent efforts to uncover the identities of those who have claims against the debtor, although the debtor is not required to search out each conceivable or possible creditor and urge the creditor to file a proof of claim. *Id.* If the debtor knows, or should know, of its potential liability to a specific creditor, that creditor is a known creditor entitled to actual notice. *Atlantic Richfield Co. v. Sharon Steel Corp. (In re Sharon Steel Corp.)*, 110 B.R. 205, 206 (Bankr.W.D.Pa. 1990). Thus, where a debtor should have known that a particular creditor had a claim against him and did not list the creditor or notify him as to the bar date, it was held that the creditor had established cause for extending the bar date because the creditor was unaware that he held a claim against the debtor on the bar date, although the creditor had actual notice of the bankruptcy case. *Dix v. Johnson (In re Dix)*, 95 B.R. 134 (9th Cir. BAP 1988).

The question of whether the two year delay was within Johnson's reasonable control is the more difficult one in this case because there is conflicting evidence in the record as to when Johnson became aware of his claim.

. . . .

Accordingly, there is evidence in the record which suggests that Johnson was or should have been aware of his claim approximately one year before he attempted to file his proof of claim. However, we agree with the bankruptcy court that the evidence does not establish that Johnson became aware of his claim prior to the bar date. Moreover, we note that once Johnson did become aware of his claim against Dix, he had to retain new counsel to pursue the claim on his behalf. In our view, this would account for some of the delay.

. . . .

After consideration of the relevant factors, we find that Johnson has established excusable neglect.

*Id.* at 138–39.

■ In the instant case, had the debtor exercised reasonable diligence and checked its records, it would have learned that it received $10,009.94 from Robinson for the purchase of MFS shares, but that the debtor failed to deliver the MFS shares to Robinson. Thus, the debtor had an obligation to Robinson to either deliver the MFS shares or return the purchase price. The liability was fixed, noncontingent and not disputed. Having taken $10,009.94 from Robinson, he was a known creditor entitled to actual notice of the bar date order. The two-year delay in seeking to file a proof of claim does not excuse the debtor's failure to list Robinson as a creditor so that he would receive actual notice of the bar date order. Robinson believed that the debtor held the purchased shares for his account and was not aware until after the bar date that the debtor failed to purchase the shares for him despite the fact that the debtor sent a form to Robinson confirming the purchase. Robinson need not rely on the doctrine of excusable neglect in requesting an extension of time to file a proof of claim because Robinson was a known creditor, or a creditor who should have been known to TMSI and

nevertheless, TMSI failed to give him actual notice of the bar date order. Therefore, Robinson is not time-barred by the order. *In re Golden Distributors, Ltd.*, 128 B.R. at 351. The administration of this liquidating Chapter 11 case will not be adversely affected by Robinson's late claim. Additionally, the debtor's estate should not reap the benefit of its failure to give Robinson actual notice of the bar date order.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A) and (B).

2. The creditor, Robinson, has established cause within the meaning of Bankruptcy Rule 3003(c)(3) for extending his time to file a proof of claim.

3. Robinson's motion to extend the bar date order in this case is granted to the extent that he shall file his proof of claim within ten days from the date of the order entered on this motion.

SETTLE ORDER on notice.