**In re ARTS DES PROVINCES DE FRANCE, INC., et al., Debtors.**

**Bankruptcy Nos. 92 B 21439 through 92 B 21447.**

United States Bankruptcy Court, S.D. New York.

April 6, 1993.

Itkowitz & Gottlieb, New York City, for D & D Associates.

Parker Chapin Flattau & Klimpl, New York City, for debtors.

### DECISION ON MOTION FOR ORDER DEEMING D & D ASSOCIATES' PROOF OF CLAIM TIMELY FILED NUNC PRO TUNC AND FOR SANCTIONS

HOWARD SCHWARTZBERG, Bankruptcy Judge.

D & D Associates ("D & D"), a creditor in this Chapter 11 case, has moved for an

order pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3) and 9006 for an order deeming its proof of claim filed after the bar date to be timely filed, and for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, as incorporated by Federal Rule of Bankruptcy Procedure 9011. D & D argues that the debtor failed to comply with the notice provisions of Rule 2002(a)(8) of the Federal Rules of Bankruptcy Procedure in that the debtors did not serve D & D or its counsel with notice of the bar date for filing proofs of claim. Instead, the notice was mailed to D & D's managing agent. The debtors did not serve counsel for D & D despite the filing of a notice of appearance by counsel for D & D. The debtors contend that D & D received actual notice in time to file a proof of claim and that their proof of claim, which was filed on March 11, 1993, after the bar date of March 5, 1993, should not be deemed filed timely.

## UNDISPUTED FACTS

1. The debtors filed their Chapter 11 cases with this court on July 23, 1992 and are currently operating as debtors in possession in accordance with 11 U.S.C. §§ 1107 and 1108. The debtors are affiliated corporations engaged in the retail and wholesale of French fabrics, wall coverings, antiques, housewares and boutique items.

2. Pursuant to an order of this court entered on July 23, 1992, the debtors' cases were procedurally consolidated for administrative purposes and are jointly administered.

3. D & D is a former landlord of the debtor La Provence De Pierre Deux, Inc. On October 9, 1991, D & D commenced two nonpayment of rent proceedings against the debtor in the Civil Court of the City of New York, County of New York.

4. On August 18, 1992, the debtors served and filed a motion seeking an order pursuant to 11 U.S.C. §§ 365 and 363(b), authorizing Pierre Deux West, Inc., Pierre Deux New York, and Pierre Deux D.C., Inc. (collectively, the "Moving Debtors"), to close three retail and wholesale operations.

In connection therewith, the moving debtors sought authorization to: (1) reject certain nonresidential real property leases; (2) make certain dispositions of inventory, including the sale of substantially all of the property of Pierre Deux D.C. to Pierre Deux New York; and (3) reject certain leases for office equipment.

5. As part of such motion, Pierre Deux New York sought authorization to reject two nonresidential real property leases with D & D Associates for two showrooms in the D & D Building which is located at 979 Third Avenue, New York, New York.

6. In response to the motion, Barry Gottlieb, Esq. of Itkowitz & Gottlieb, counsel to D & D appeared at the hearing on the Moving Debtors' motion and offered no opposition to the rejection of D & D's leases with Pierre Deux New York. The court granted the Moving Debtors' motion and directed the Moving Debtors to settle an order.

7. On or about September 25, 1992 and November 13, 1992, D & D, by its counsel, filed a Notice of Appearance and an Amended Notice of Appearance, respectively, in this court.

8. During September and October, 1992, Pierre Deux New York, along with the other debtors, completed and filed their schedules of assets and liabilities (the "Schedules"). Pierre Deux New York listed Williams Real Estate Co., Inc. ("Williams") on its schedule F, as a party holding a claim against it in the amount of $49,967.79 for prepetition rent which was due and owing to D & D.

9. Williams is D & D's leasing and managing agent for the D & D Building, and was the entity which invoiced Pierre Deux New York for its monthly rent at the D & D Building.

10. At no time did Williams, D & D or D & D's counsel ever contact the debtors or debtors' counsel to inform them that this was an error or to request that the schedules be amended to replace Williams with D & D.

11. On October 7, 1992, Counsel Press, the debtors' claims agent, served Williams

with a Notice of Commencement of Chapter 11 Cases and Meeting of Creditors Pursuant to Section 341 of the Bankruptcy Code (the "341 Notice") which incorporated a proof of claim form. In Williams' case, the proof of claim form indicated that Pierre Deux New York had scheduled Williams as having an unsecured claim in the amount of $49,967.79.

12. On December 11, 1992, this court entered an order rejecting Pierre Deux New York's leases with D & D for the D & D Building.

13. On February 2, 1993, the debtor served D & D's counsel with a copy of a motion (the "Bar Date Motion") for an order pursuant to Bankruptcy Rule 3003(c)(3), fixing March 15, 1993, as the bar date for filing proofs of claim in the debtors' cases.

14. Thereafter, Curtis, Mallet–Prevost, Colt & Mosle, counsel to the investor who had purchased the secured claim of Banque Nationale de Paris, the largest secured creditor in these cases, asked the debtors' counsel whether he could arrange to move the bar date up from March 15, to March 5, 1993. Debtors' counsel agreed to contact the court and ask if that was possible. Debtors' counsel was informed by the court clerk that there would not be a problem in changing the proposed bar date because all of the statutory notice requirements would be met. The proposed order accompanying the Bar Date Motion was revised to fix March 5, 1993 at 5:00 p.m. (EST) as the last day to file claims in these cases.

15. On or about February 8, 1993, this court signed an order (the "Bar Order") fixing March 5, 1993 as the bar date. Debtors' counsel directed Counsel Press to serve all of the scheduled creditors.

16. On February 10, 1993, Counsel Press served a copy of the Bar Order on all of the debtors' scheduled creditors, including Williams, D & D's rental and managing agent. As of February 10, 1993, D & D had a claim against Pierre Deux New York for rejection of its leases and prepetition rent arrearages.

17. Counsel Press failed to serve a copy of the Bar Order on D & D or on counsel for D & D, notwithstanding that counsel for D & D served and filed a Notice of Appearance in these proceedings on behalf of D & D, dated September 25, 1992, and served and filed on or about November 16, 1992 an Amended Notice of Appearance and demand for service of papers dated November 13, 1992.

18. On February 19, 1993, a lease administrator for Williams, discovered a copy of the Bar Order, with no envelope attached thereto, in her "in-box." She has no knowledge as to how the copy of the Bar Order came to be placed in her "in box," and/or who placed it there.

19. On February 19, 1993, the Williams's employee forwarded, by first-class mail, a copy of the Bar Order to the Controller for D & D.

20. On February 23, 1993, D & D's Controller received the copy of the Bar Order.

21. On March 2, 1993 or March 3, 1993, D & D's Controller forwarded to Jay B. Itkowitz, Esq., at Itkowitz & Gottlieb, by first-class mail, a copy of the Bar Order she had received.

22. On March 5, 1993, the Bar Date, Itkowitz & Gottlieb, attorneys for D & D, received the copy of the Bar Order mailed by D & D's Controller.

23. On March 5, 1993, Jay B. Itkowitz, Esq. was out of his office attending a closing and did not return until approximately 4:00 p.m. Upon returning to his office, Mr. Itkowitz opened that day's mail after 5:00 p.m. He reviewed the copy of the bar order and immediately contacted Parker Chapin Flattau & Klimpl, attorneys for the debtors, who refused to accept a proof of claim filed after March 5, 1993.

## DISCUSSION

The debtors maintain that D & D's receipt of the Bar Order before the expiration of the bar date, even though it was addressed to the managing agent, Williams, and D & D's actual notice of the bar date, are fatal to D & D's motion. D & D argues that its failure to file a timely proof of claim was due to three factors caused by

the debtors: (1) The debtors' shortened the proposed bar date from March 15, 1993 to March 5, 1993. (2) Notice of the bar date was mailed to D & D's managing agent and not directly to D & D. (3) D & D's counsel was never mailed a copy of the bar date, notwithstanding that they filed a Notice of Appearance with a request to receive all notices of papers mailed in this case.

■ The time for filing proofs of claim in Chapter 11 cases is governed by Federal Rule of Bankruptcy Procedure 3003(c)(3), which states:

**FILING PROOF OF CLAIM OR EQUITY SECURITY INTEREST IN CHAPTER 9 MUNICIPALITY OR CHAPTER 11 REORGANIZATION CASES.**

. . . .

**(c) Filing Proof of Claim.**

**(3) Time for Filing.** The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed. *Notwithstanding the expiration of such time, a proof of claim may be filed to the extent and under the conditions stated in Rule 3002(c)(2), (c)(3), and (c)(4).*

Fed.R.Bankr.P. 3003(c)(3) (emphasis in original). Rule 9006(b)(1) permits a court to extend the bar date after the expiration of the specified period on motion by the late filer "where the failure to act was the result of excusable neglect." The determination of what constitutes excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's commission." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* — U.S. —, —, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993) (footnote omitted).

This court stated in *In re Golden Distributors, Ltd.,* 128 B.R. 349, 357 (Bankr. S.D.N.Y.1991), that a debtor cannot claim that it will be prejudiced by allowing a landlord whose lease was rejected by the debtor to file a late claim for rejection damages because such damages came as no surprise and were anticipated by the debtor's rejection of the lease. This is especially true when the landlord was not properly noticed. The debtor should not reap a windfall because of the inadequate notice with respect to the bar order.

■ In the instant case, the debtors may not assume the role of righteous indignation when they contributed to the confusion. First, they submitted, on notice to D & D, a proposed bar date of March 15, 1993. Thereafter, without notifying D & D, the debtors shortened the filing time to March 5, 1993. Had the time not been shortened, D & D's claim, which was filed on March 11, 1993, would have been timely. Second, the debtors failed to list D & D as the creditor, and instead, listed Williams, the managing agent from the leased premises. That Williams collected the rent from the debtors did not alter the fact that the landlord and creditor was D & D. Manifestly, the prepetition state court nonpayment of rent action was commenced against the debtors by D & D, and not Williams. Third, D & D's attorneys filed a Notice of Appearance in this case on behalf of D & D and requested a copy of all notices and papers directed to their client, D & D. The debtors failed to comply with this requirement.

On the other hand, D & D is not entirely blameless. It did receive actual notice of the bar date from Williams in time to file a timely proof of claim. However, D & D mailed the notice to its attorneys, who received it on the last day and at a time when the attorney handling this claim for D & D was out of his office attending a closing. Therefore, it may be concluded that D & D and its agents were neglectful in filing a proof of claim six days after the bar date when they had prior actual knowledge of the bar date. However, this neglectful conduct is excusable because the delay could have been avoided if the debtors had complied with bankruptcy procedure by properly listing D & D as a creditor and serving notice of the bar date on D & D's counsel, as required by their Notice of Appearance.

D & D's motion is granted and its proof of claim filed on March 11, 1993 will be deemed filed in timely fashion.

*Sanctions*

■ Rule 11 Sanctions are bottomed on the fact that an attorney signed a pleading, motion or other paper in litigation, which the attorney certifies "is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purposes...." Fed.R.Bankr.P. 9011(a). The refusal of the debtors' counsel to permit a late filing of D & D's proof of claim is not sanctionable under Rule 11. D & D's failure to file a timely proof of claim was in part due to neglect, which neglect is excusable because of the debtors' failure to satisfy the notice requirements. Both sides are not blameless and, therefore, sanctions will not be imposed.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

2. D & D's motion for an order deeming its proof of claim timely filed is granted because the late filing was the result of excusable neglect within the meaning of Federal Rule of Bankruptcy Procedure 9006(b)(1).

3. D & D's motion for sanctions is denied.

SETTLE ORDER on notice in accordance with the foregoing.