**In re NEW YORK SEVEN–UP BOTTLING COMPANY, INC., Debtor.**

**Bankruptcy No. 92 B 21100.**

United States Bankruptcy Court, S.D. New York.

April 6, 1993.

Schulte Roth & Zabel, New York City, for debtor.

Orloff, Lownebach, Stifelman & Siegel, P.A., Roseland, NJ, for Great Waters of France, Inc. and Poland Spring Corp.

DECISION ON OBJECTIONS TO CLAIMS OF GREAT WATERS OF FRANCE, INC. AND POLAND SPRING CORPORATION

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The confirmed Chapter 11 debtor, New York Seven–Up Bottling Company, Inc., has objected to proofs of claim filed by Great Waters of France, Inc. ("Great Waters") and Poland Spring Corporation ("Po-

land Spring") as having been filed more than one month after the bar date fixed by this court. The claimants seek to justify their tardy filings on the ground that because of conversations between their credit representative and the debtor's credit representative, the claimants believed that the debtor did not dispute their claims. Therefore, the claimants relied on the double deeming effect of 11 U.S.C. §§ 502(a) and 1111(a) that a claim which is scheduled as neither disputed, contingent nor unliquidated is deemed filed and also deemed allowed. However, when the debtor filed its schedules of assets and liabilities it listed the obligations to the claimants as disputed. Apparently, the claimants never examined the debtor's schedules after they were filed.

## FINDINGS OF FACT

1. On June 5, 1992, the debtor filed with this court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and was continued in operation and management of its property and business as a debtor in possession.

2. Pursuant to an order dated April 2, 1993, this court confirmed the debtor's Chapter 11 plan.

3. In addition to bottling several well-known brands of soft drinks, the debtor had also been a distributor of Perrier products in the New York Metropolitan area pursuant to an agreement with Great Waters and its affiliate, Poland Spring.

4. In October of 1991, the debtor ceased all ongoing business operations. At that time there were discussions between the debtor's credit representative and the claimants' credit representative. The debtor's credit representative agreed that invoices from Great Water in the amount of $498,767.00 and Poland Spring in the amount of $362,610.00 were correct. There was no discussion as to setoffs or counterclaims the debtor might have against the claimants.

5. On June 26, 1992, the debtor filed its schedules of assets and liabilities and statement of financial affairs pursuant to Federal Rule of Bankruptcy Procedure 1007.

Thereafter, on September 28, 1992, the debtor filed amended schedules. The debtor served copies of the amended schedules upon creditors whose originally filed claims were affected by the modifications. The claimants had not then filed any proofs of claim.

6. Great Waters was listed on the debtor's schedules as having a disputed claim in the amount of $498,771.00. Poland Spring was listed on the debtor's schedules as having a disputed claim in the amount of $362,610.00.

7. Upon the debtor's application, and by order dated September 2, 1992, this court fixed September 19, 1992 as the bar date for the filing of all claims against the debtor's estate. Thereafter, the debtor served a copy of the order fixing the bar date on all known creditors, including the claimants and published notices of the bar date in Westchester and Rockland County newspapers on September 8 and 9, 1992.

8. On October 26, 1992, more than one month after the bar date, Great Waters and Poland Spring filed their unsecured claims against the debtor in the amounts of $628,972.55 and $362,610.00, respectively.

9. The claimants do not dispute that they knew of the debtor's Chapter 11 case, that they received notice of the bar date and that they never contacted the debtor or its counsel to inquire as to how they were listed in the debtor's schedules.

## DISCUSSION

Pursuant to 11 U.S.C. § 1111(a), a proof of claim listed in the debtor's schedules that is not disputed, contingent or unliquidated is deemed filed under 11 U.S.C. § 501. Additionally, a proof of claim filed or deemed filed under 11 U.S.C. § 501 is deemed allowed, unless a party in interest objects to it. 11 U.S.C. § 502. Accordingly, the double deeming as to filing and allowance only applies to claims in Chapter 11 cases listed in the debtor's schedules as undisputed, noncontingent and liquidated. In the instant case, the claimants assumed that they could rely on the double deeming concept because they

were under the impression that the credit representatives for the claimants and the debtor agreed as to the accuracy of their invoices. However, the invoices alone did not reflect the true financial relationship between the parties because the debtor asserted various counterclaims, offsets and adjustments, with the result that the debtor claimed that it owed nothing to the claimants.

■ The time for filing proofs of claim in Chapter 11 cases is controlled by Federal Rule of Bankruptcy Procedure 3003(c)(3), which provides:

**FILING PROOF OF CLAIM OR EQUITY SECURITY INTEREST IN CHAPTER 9 MUNICIPALITY OR CHAPTER 11 REORGANIZATION CASES.**

. . . .

**(c) Filing Proof of Claim.**

. . . .

**(3) Time for Filing.** The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed. *Notwithstanding the expiration of such time, a proof of claim may be filed to the extent and under the conditions stated in Rule 3002(c)(2), (c)(3), and (c)(4).*

Fed.R.Bankr.P. 3003(c)(3) (emphasis in original). Under this Rule, a creditor whose claim is scheduled as disputed must file a proof of claim within the time fixed by the court or the creditor will not be entitled to receive any distribution in the case. A creditor in a Chapter 11 case who receives appropriate notice of the bar date and fails to file timely a proof of claim with respect to a disputed claim will not be treated as a creditor for distribution purposes. *In re Drexel Burnham Lambert Group, Inc.,* 148 B.R. 1002, 1005 (S.D.N.Y.1993); *In re Hooker Investments, Inc.,* 122 B.R. 659, 664 (S.D.N.Y.1991); *In re Nutri*Bevco, Inc.,* 117 B.R. 771, 775 (Bankr.S.D.N.Y. 1990).

■ There is no question that the debtor scheduled the claimants' claims as disputed and that Great Waters and Poland Spring were given adequate notice to file timely proofs of claim. Moreover, unlike the facts in the recent United States Supreme Court

decision *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the claimants do not contend that the bar notice was inadequate or ambiguous, or that due to some law office disruption, the claimants' counsel missed the filing date. The claimants in the instant case deliberately chose not to file proofs of claim because they assumed that their claims were not disputed. This factor is inexcusable unless the claimants also examined the schedules and were misled into believing that the debtor did not dispute their claims. However, there was no proof that the claimants ever examined the debtor's schedules or had any basis for believing that their claims were not disputed other than as a result of the conversation between the respective credit representatives as to the accuracy of specific invoices.

■ The claimants have not sought any additional time for filing their late claims pursuant to Federal Rule of Bankruptcy Procedure 9006(b) on the basis of excusable neglect. Even if the claimants had sought affirmative relief by motion under Rule 9006(b), such request would be of no avail. Excusable neglect is found when a party's failure to file timely a proof of claim is due to unique or extraordinary circumstances beyond the reasonable control of the delinquent party, *Drexel Burnham Lambert,* 148 B.R. at 1005, or the bar date notice was inadequate. *Pioneer Investment Services Co.,* —— U.S. ——, 113 S.Ct. 1489. Unlike the situation in *In re Arts des Provinces de France, Inc.,* 153 B.R. 144 (Bankr.S.D.N.Y. 1993), the claimants were properly listed in the schedules. Nor may the claimants contend that they first became aware of their claims after the bar date, as in *In re New York Trap Rock Corp.,* 153 B.R. 642 (Bankr.S.D.N.Y.1993). Accordingly, there is no basis for concluding that the claimants' delay in filing their proofs of claim was due to excusable neglect, even if they sought this relief affirmatively under Rule 9006(b).

CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

2. The debtor's motion to expunge the claims of Great Waters and Poland Spring as untimely filed in accordance with Federal Rule of Bankruptcy Procedure 3003(c)(3) is granted.

SETTLE ORDER on notice in accordance with the foregoing.