**In re JOHANSEN, THACKERAY, MacKENZIE PROPERTIES, LTD., Debtor.**

No. 93–C–0592–S.
Bankruptcy No. 92A–21949.

United States District Court, D. Utah, Central Division.

April 21, 1994.

George A. Hunt, Williams & Hunt, Salt Lake City, UT, for plaintiff.

Robert S. Prince, Robert W. Edwards, Kirton, McConkie & Poelman, Weston L. Harris, Elaine A. Monson, Ray, Quinney & Nebeker, Salt Lake City, UT, for defendant.

## DECISION ON APPEAL

SAM, District Judge.

The appeal of California Federal Bank ("CalFed") came on regularly for argument and hearing before the above-entitled Court on January 14, 1994 at the hour of 8:00 o'clock a.m., the Honorable David Sam, presiding. Appearing for appellant was George A. Hunt of Williams & Hunt and appearing for appellee was Weston L. Harris of Ray, Quinney & Nebeker. The Court having reviewed the appellate briefs filed by the parties, having heard argument of counsel and being fully advised in the premises, and good cause appearing, now hereby renders the following decision on appeal:

## OPINION

■ Regarding whether CalFed was deprived due process of law by the Bankruptcy Court's refusal to allow its late filed proof of claim where neither CalFed nor its counsel of record were given notice of the bar date as required by Bankruptcy Rule 2002(a), the Court finds the Bankruptcy Court's conclusions flawed. It is immaterial, in the Court's view, whether CalFed was on constructive notice of the bankruptcy proceedings at issue. As the Tenth Circuit has stated, all creditors have a right to assume they will receive all notices required by statute before their claim is barred.

■ In addition, CalFed was not required to file a motion to extend the bar date. Placing this responsibility on CalFed shifts the burden from the party who is responsible for giving notice to the party who has been deprived of a statutory and constitutional right. This Court will not endorse any such notion.

■ Regarding the Cash Collateral Stipulation and Order and their effect on the issue at hand, the Court finds that by its own terms the Cash Collateral Order was not intended to affect treatment of claims under any Plan of Reorganization. The Court finds CalFeds' representations in the cash collateral documents may not supersede a properly filed proof of claim and the Bankruptcy Court erred to the extent it concluded otherwise.

Accordingly, regarding the notice issue on appeal, the Court reverses the April 14, 1993 Order of the Bankruptcy Court confirming Boettcher's Plan of Reorganization and remands with instructions to the Bankruptcy Court to allow CalFed's proof of claim filed on December 28, 1992 in the amount of $8,358,308.

■ The second issue before the Court involves whether, under 11 U.S.C. § 552(b) a holder of a perfected security interest in rents has collateral independent of the real property from which the rents are generated. This Court agrees with the decision of the United States Supreme Court in *United Savings Assn. of Texas v. Timbers of Inward Forest Associates, Ltd.*, 484 U.S. 365, 372–75, 108 S.Ct. 626, 632, 98 L.Ed.2d 740 (1988), regarding the application of § 552(b) to situations where there is a separate perfected security interest in post-petition rents or profits. In such situations as exist in the case before this Court, the post-petition payments do not constitute impermissible interest payments, use value payments or lost opportunity costs. Rather, as the court stated in *In Re Bloomingdale Partners*, 155 B.R. 961 (Bankr.N.D.Ill.1993):

> If, for purposes of confirmation, additional security accrues post-petition, then post-petition payments merely may be agreed pre-payments of a secured claim, not unpermitted payments to an undersecured creditor. The resolution then would depend on whether the value of a secured creditors' interest in property of the estate has increased during the pendency of the case. This is consistent with the Supreme

Court's recent observation that any increase over the judicially determined valuation during bankruptcy rightly accrues to the benefit of the creditor, not to the benefit of the debtor and not to the benefit of other unsecured creditors whose claims have been allowed and who had nothing to do with the mortgagor—mortgagee bargain.

Accordingly, the Court reverses the conclusion of the Bankruptcy Court on the issue regarding application of the $218,000 post-petition rental payments, and remands with instructions to increase CalFed's secured claim by the amount of that deduction, $218,000.

IT IS HEREBY ORDERED AS FOLLOWS:

1. The bankruptcy court's decision which disallowed CalFed's Proof of Claim dated December 28, 1992, in the amount of $8,358,30 is reversed.

2. The bankruptcy court's decision which reduced the amount of CalFed's secured claim by $218,000 in post-petition cash collateral payments is reversed.

3. These matters are remanded to the bankruptcy court with instructions as follows: (a) CalFed's Proof of Claim dated December 28, 1992 in the amount of $8,358,,308 shall be treated as timely filed; (b) CalFed's secured claim under the Amended Plan shall be increased by $218,000, and CalFed's total unsecured claim shall be reduced by $218,000; (c) Hearings shall be held to determine the impact, if any, which the reversal of these two decisions of the bankruptcy court has on the Order Confirming Creditor's Amended Plan of Reorganization which was signed on April 14, 1993 and entered by the bankruptcy court on April 16, 1993.