**In re TWINS, INC., Debtor.**

**No. C/A 01–11321–W.**

United States Bankruptcy Court,
D. South Carolina.

May 6, 2003.

G. William McCarthy, Jr., Columbia, SC, for debtor.

Joseph F. Buzhardt, III, Office of the United States Trustee, Columbia, SC, for United States Trustee.

James Henry Cassidy, Greenville, SC, Jane H. Downey, Columbia, SC, Steven Barry Licata, Columbia, SC, Reid B. Smith, Columbia, SC, Charles Pelot Summerall, IV, Buist, Moore, Smythe & McGee, PA, Charleston, SC, S. Nelson Weston, Jr., Columbia, SC, David Brian Wheeler, Charleston, SC, for creditors.

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Proof of Claim filed by George and Darlene Starega (the "Staregas") on February 26, 2003. The Staregas filed their claim shortly before Twins, Inc.'s ("Debtor") confirmation hearing and approximately nine months after the claims bar date of May 30, 2002, and they ask to be allowed to file a late proof of claim for three reasons.[1] First, they argue that they did not receive formal notice of the

---

1. The Staregas also filed a Response in Opposition to the First Amended Liquidation Plan of the Chapter 11 Trustee and a ballot rejecting the Plan. At the confirmation hearing, the Trustee submitted a Second Amendment to Liquidation Plan (the "Second Amendment"), which states that the confirmation of the Plan would be without prejudice to the positions of the Trustee and the Staregas regarding the Proof of Claim and civil action number 00–CP–40–5072, the foreclosure action currently pending in the Richland County Court of Common Pleas. Based upon the Second Amendment, the Staregas withdrew their opposition to the Plan and changed their ballot to accept the amended Plan. The Court then confirmed the amended Plan, and the Order Confirming Plan was entered on March 17, 2003.

claims bar date. Second, they argue that, under the principles of *Pioneer Investment Services Company v. Brunswick Associates, Limited Partnership,* they should be allowed to file a late claim because their failure to comply with the earlier deadline was because of their excusable neglect. Finally, the Staregas assert that the Federal Rules of Bankruptcy Procedure would permit them to file a claim by (1) obtaining relief from the automatic stay, (2) obtaining a judgment against Debtor, and (3) filing the judgment amount as their claim. John E. Haas, the Chapter 11 Trustee in this case ("Trustee"), disagrees with the Staregas' position. The Trustee argues that the Staregas had actual notice that the bankruptcy was pending before the claims bar date and that this notice of the bankruptcy case sufficiently alerted them to act timely and protect their interests. Moreover, the Trustee argues that the Staregas waited too long to assert their claim and that their delay is unreasonable. The Trustee also argues that the Staregas do not satisfy the *Pioneer* standards. After considering the pleadings in the matter and counsel's arguments, the Court makes the following Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52, applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7052.[2]

## FINDINGS OF FACT

1. On or about December 12, 2000, Debtor commenced a foreclosure action against the Staregas to foreclose a construction loan. The Staregas asserted defenses and counterclaims against Debtor in the foreclosure action on January 26, 2001.

2. On October 25, 2001, three creditors filed an involuntary Chapter 7 petition against Debtor.

3. On December 19, 2001, the Court converted Debtor's case from Chapter 7 to Chapter 11.

4. On February 5, 2002, Debtor filed its Schedules and Statement of Financial Affairs. Debtor did not list the Staregas as creditors in its Schedules, nor did it list the pending foreclosure action and the Staregas' counterclaims in its Statement of Financial Affairs.

5. On February 7, 2002, the Court issued a Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, and Deadlines. This Notice contains the claims bar date, which was May 30, 2002.

6. The Staregas were not served with the Notice prior to May 30, 2002 because they were not listed as creditors in the Schedules and did not appear on Debtor's mailing matrix of parties in interest.

7. The Staregas learned of Debtor's pending bankruptcy case prior to the claims bar date. On March 12, 2002, a Suggestion of Bankruptcy and Notice of Stay was filed in the foreclosure action and served on the Staregas through their counsel of record. This pleading gave notice of Debtor's bankruptcy filing and the automatic stay of the Staregas' counterclaims against Debtor.

8. On February 26, 2003, the Staregas filed their Proof of Claim in an unknown amount. Attached to the Proof of Claim is their Answer filed in the foreclosure action that asserts various lender liability counterclaims against Debtor relating to its construction loan to the Staregas.

---

**2.** The Court notes that, to the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and, to the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

## CONCLUSIONS OF LAW

 Federal Rule of Bankruptcy Procedure 3003 governs the filing of a proof of claim in a Chapter 11 case.[3] It is not always necessary for a creditor to file a proof of claim in a Chapter 11 case. Rule 3003(b)(1) provides that the schedule of liabilities filed pursuant to 11 U.S.C. § 521(1) shall constitute prima facie evidence of the validity and amount of the claims of creditors unless they are scheduled as disputed, contingent, or unliquidated. It is not necessary for a scheduled creditor or equity security holder to file a proof of claim or interest; however, any creditor or equity security holder whose claim or interest is not scheduled or is scheduled as disputed, contingent, or unliquidated must file a proof of claim or interest. *See* Rule 3003(b)(1); Rule 3003(c)(2). The time within which a proof of claim, if required, must be filed is by the bar date established by the court. *See* Rule 3003(c)(3). The debtor, trustees, all creditors, and indenture trustees are entitled to twenty days notice by mail of the time fixed for filing proofs of claims pursuant to Rule 3003(c). *See* Rule 2002(a)(7); *see generally In re Quartercall Communications, Inc.*, No. 95–15090–AM, 1996 WL 910910 (Bankr.E.D.Va. May 15, 1996).

In this case, the Staregas were not scheduled as creditors; therefore, under Rule 3003(c)(2), they were required to file a proof of claim. Under Rule 3003(c)(3) and the Notice issued on February 7, 2002, they were required to file their claim by May 30, 2002. The Staregas admit that they did not file their Proof of Claim within the bar date, but they assert that they did not receive official notice of the claims bar date. The Trustee does not dispute that the Staregas did not receive official

notice of the bar date; however, he argues that the actual notice of the pending bankruptcy case satisfies due process requirements and that the Staregas did not have to receive official notice of the claims bar date. The Staregas agree that they learned of the pending bankruptcy case before the claims bar date.

 In short, the issue before the Court is the degree of notice necessary to satisfy due process in the context of deadlines for filing claims. Whether a creditor received adequate notice of a claims bar date in a Chapter 11 case depends upon the facts and circumstances of a given case. *See In re The Grand Union Co.*, 204 B.R. 864, 871 (Bankr.D.Del.1997).

> In general, due process requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." In other words, the notice must be such that it would reasonably inform the interested parties that the matter is pending and would reasonably allow the parties to "choose for [themselves] whether to appear or default, acquiesce or contest."

*Id.* (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

 Addressing the issue of reasonable notice in the context of claims bar dates in Chapter 11 cases, courts have focused on the distinction between known and unknown creditors. A known creditor is one whose identity is either known or reasonably ascertainable by the debtor. *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir.1995) (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478,

---

**3.** Further references to the Federal Rules of Bankruptcy Procedure shall be by Rule number only.

490, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988)). A creditor's identity is reasonably ascertainable if that creditor can be identified through reasonably diligent efforts like a search of the debtor's books and records. *See Chemetron,* 72 F.3d at 346–47. A majority of courts have ruled that known creditors are entitled to official or formal notice of a debtor's bankruptcy filing and bar claims date. *See Levin v. Maya Constr. Co. (In re Maya Constr. Co.),* 78 F.3d 1395, 1399 (9th Cir.1996); *Chemetron Corp. v. Jones,* 72 F.3d 341, 346 (3d Cir. 1995); *In re Tannen Towers Acquisition Corp.,* 235 B.R. 748, 753 (D.N.J.1999); *In re Johansen, Thackeray, MacKenzie Properties, Ltd.,* 166 B.R. 962, 963 (D.Utah 1994); *In re Premier Membership Services, LLC,* 276 B.R. 709, 713 (Bankr. S.D.Fla.2002); *In re B.C. Enterprises, Ltd.,* 160 B.R. 827, 832 (Bankr.D.Ariz. 1993). Known claimants are entitled to this formal notice even if they have informal or constructive knowledge of ongoing bankruptcy proceedings. *See City of New York v. New York, N.H. & Hr. Co.,* 344 U.S. 293, 297, 73 S.Ct. 299, 97 L.Ed. 333 (1953) ("But even creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred."); *Maya Constr.,* 78 F.3d at 1399 ("The fact that a creditor has actual knowledge that a Chapter 11 bankruptcy proceeding is going forward involving a debtor does not obviate the need for notice .... [T]he creditor who is not given notice, even if he has actual knowledge of the reorganization proceedings, does not have a duty to investigate and inject himself into the proceedings."); *Johansen, Thackeray,* 166 B.R. at 963 ("It is immaterial ... whether [creditor] was on constructive notice of the bankruptcy proceedings at issue ... [A]ll creditors have a right to assume they will receive all notices required by statute be-

fore their claim is barred."); *Premier Membership,* 276 B.R. at 714 ("[E]ven if [creditor] had knowledge of the bankruptcy proceedings, its claim cannot be barred since there is no evidence that it received actual notice of the Claims Bar Date."); *In re AMWC, Inc.,* 109 B.R. 210, 213 (Bankr. N.D.Tex.1989) ("Mere knowledge of a bankruptcy proceeding cannot substitute for the creditor's receipt of actual notice of the bar date."); *but see Sequa Corp. v. Christopher (In re Christopher),* 28 F.3d 512, 519 (5th Cir.1994) (holding that postpetition claims were discharged by the confirmation of a Chapter 11 plan when the postpetition creditor received informal notice of the debtor's pending bankruptcy case prior to the claims bar date but did not file a proof of claim).

█ In this case, it appears that the litigation between Debtor and the Staregas that was ongoing as of the petition date would make the Staregas known creditors. Indeed, after Debtor filed its Complaint in December 2000, the Staregas responded and asserted counterclaims in January 2001. Although the disposition of the foreclosure action is not included in the record of this proceeding, it appears that the litigation is still pending but subject to the automatic stay. The Court reaches this conclusion by virtue of the Suggestion of Bankruptcy and Notice of Stay that Debtor filed in the foreclosure action in March 2002. A review of Debtor's properly maintained records and books should have revealed this ongoing litigation and prompted Debtor to list the Staregas as contingent creditors in their Schedules. *See, e.g. Maya Constr.,* 78 F.3d at 1398 (finding that a party who submitted a formal written demand upon the debtor prepetition was a known creditor entitled to official notice). Because the Staregas were known creditors, they were entitled to formal notice of the claims bar date, and their actual notice of the pending

bankruptcy proceedings does not satisfy due process. Accordingly, the Court holds that the Staregas may file their late claim, and the Court will allow the claim as a timely filed claim. *See Grand Union,* 204 B.R. at 870 (finding that inadequate notice of the claims bar date, in and of itself, is a ground upon which a late proof of claim is allowed to be filed). Although the Trustee has concerns with the Staregas' timing in asserting their claim approximately nine months after the bar date, the Court believes the law regarding due process and official notice of the claims bar date is clear and controlling on this point in spite of any delay on the Staregas' part. *Cf. Premier Membership,* 276 B.R. at 715 (treating a claim filed six and one-half months past the bar date as timely when the creditor was a known creditor but did not receive actual notice of the claims bar date); *B.C. Enterprises,* 160 B.R. at 833 (allowing a known creditor to file a claim almost two years after the bar date).

Because of the Court's conclusion as to the parties' first argument, the Court does not need to address the other two points.

### CONCLUSION

From the arguments discussed above, it is, therefore,

**ORDERED** that the Staregas may file their Proof of Claim beyond the claims bar date and that the Court will allow the claim as a timely filed claim.

**AND IT IS SO ORDERED.**